BLANCHE S. TORREYSON, *et vir,* Appellants, v. MOLLIE DUTTON, *et vir, et al.,* Appellees.

198 So. 796
Division B
Opinion Filed November 26, 1940

170

*John L. Early,* for Appellants;

*Tom W. Butler* and *W. H. Tucker,* for Appellees.

PER CURIAM.—This case was before this Court in Torrey-son v. Dutton, 137 Fla. 638, 188 So. 805; Torreyson v. Dutton, 138 Fla. 873, 190 So. 430.

In the former case, Torreyson v. Dutton, 137 Fla. 638, 188 So. 805, these facts are recited: Mollie Dutton owned the land in question. On May 12, 1926, she and her husband executed a mortgage on the property to secure payment of a note to Charles C. Lacey for $750.00. Lacey assigned the mortgage with note to Torreyson and Torreyson assigned them to Douglas. (The recital that the transaction between Lacey and Torreyson was an assignment is not binding on Lacey because his rights were not being adjudicated there.) In 1931 Nason acquired tax title to the property, and in 1932 conveyed the property to Lowe, who, in 1937, conveyed it back to Dutton, the original owner. Douglas then, on January 22, 1938, re-assigned his interest in the note and mortgage to Torreyson. Thereafter Toreyson brought suit to foreclose the mortgage. On appeal here we held that a decree in favor of plaintiffs below must be entered. Torreyson v. Dutton, 137 Fla. 638, 188 So. 805. Then the judgment was modified to permit the lower court

to allow intervention by any third party in interest and to adjudicate the rights between the intervenor and the party prevailing in that appeal, the plaintiffs. Torreyson v. Dutton, 138 Fla. 873, 190 So. 430.

Upon remand of the cause, Charles C. Lacey filed his petition for intervention, alleging that he was still the owner of the note and mortgage in question, being foreclosed by the Torreysons; that on November 15, 1926, intervenor borrowed $250.00 from Blanche S. Torreyson, and assigned to her the mortgage and note in question as security for the loan, agreeing to repay the loan together with $50.00 interest for use of the money for thirty days; that the only interest the Torreysons have in the note and mortgage is to have the debt of $250.00 paid plus legal interest, if any be due thereon, and the residue of the money due on said note and mortgage belongs to intervenor; that said interest was and is usurious, and only the principal sum of such usurious contract can be enforced; that intervenor traded with Dutton, who operated a filling station, to the amount of $493.60, with the understanding that this amount be applied as credits on the note and mortgage.

The court entered its order allowing intervention, and permitting the petition to stand as a bill of intervention.

The bill for intervention was amended to allege that in making the loan to petitioner, plaintiffs did wilfully and knowingly charge petitioner a sum of money greater than the sum of money loaned, and an additional sum of money exceeding 25 per cent per annum upon the principal sum loaned, and so the transaction was and is infected with usury; that petitioner prays that the court find this transaction infected with usury and subject to forfeiture of both principal and interest, and that the vehicle used to cloak such usury, the assignment of mortgage from petitioner to Blanche S. Torreyson, is null and void.

The answer of the Torreysons denied that they made a loan of 250.00 to Lacey on the mortgage and note; but averred that the transaction was an outright assignment and that Lacey did not owe plaintiff any sum of money; that plaintiff paid Lacey $300.00 for assignment of the mortgage; that plaintiff's husband, A. D. Torreyson, did tell Lacey that he could buy back the mortgage in 30 days for $300.00 if he so desired; that Lacey did not exercise the option to repurchase said note and mortgage and neither he nor anyone else ever paid plaintiff or her husband anything on the note and mortgage. The answer denied the allegations contained in the amendment to the bill for intervention.

An amendment to the bill for intervention alleged that intervenor was willing to do equity. .

After testimony had been taken before the Special Master appointed to take the same, the Chancellor permitted plaintiffs to amend the bill of complaint to allege payment of certain taxes on the property. The amendment to the bill prayed for an accounting of the amounts paid by plaintiff for taxes to protect her mortgage lien. Additional testimony was then taken.

The final decree, after reciting the findings of the chancellor contained the following portions pertinent on this appeal:

"2. That the real transaction between the complainants and intervenor was one of borrowing and lending.

"3. That by virtue of the usurious interest exacted on this loan, to-wit: $50.00 interest for a loan of $250.00 for thirty days, the complainant shall forfeit both principal and interest; and the intervenor is entitled to the security; that no element of validity remains in the usurious loan agreement which the assignment was used to cloak.

"4. That the intervenor, Charles C. Lacey, as the owner of the note and mortgage is entitled to foreclose the same

herein, and that there is due and owing him thereon the sum including principal and interest of $429.62 as of June 15th, 1940, by Ralph Dutton and Mollie Dutton.

"5. That there is due complainants, as of June 15th, 1940, for taxes expended on the lands described in the bill the sum of $495.47 and counsel fees in the amount of $250.00, together with costs in the amount of $92.52.

"6. That the moneys be paid within five days to the parties hereinbefore decreed to be entitled thereto, and that in default thereof that the property be sold after first publishing notice of such sale in three issues one week apart of the Sarasota Herald Tribune, a newspaper of general circulation published in Sarasota County, Florida, just prior to such sale, and that out of the proceeds of such sale there shall be paid in the order named:

"(a)   The amount herein decreed to be due complainant for her tax outlay, counsel fee and costs.

"(b)   The amount herein decreed to be due intervenor on the note and mortgage."

The former decision herein settled all rights of the Duttons who were being foreclosed against. This appeal, therefore, is confined to the matters in issue between the intervenor Lacey and the plaintiffs, the Torreysons.

The first question presented by appellants is whether there was error in permitting Lacey to intervene.

This question must be answered in the negative. The former decision in this case, Torreyson v. Dutton, 138 Fla. 873, 190 So. 430, permitted intervention. Upon the petition of Lacey in the court below, the chancellor granted to Lacey the right to intervene and allowed the petition to stand as his bill of intervention. The allegations of the petition when considered together were entirely sufficient for the chancellor to permit intervention. It is also argued under

this question that the assignment of the mortgage and note by Lacey to Torreyson was absolute on its face and could not be impeached by parol evidence.

Our statute, Section 5724 (3836) C. G. L., 1927, provides:

"All deeds of conveyance, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instruments be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."

This section is quite comprehensive in its scope, and should be liberally construed. Hull v. Burr, 58 Fla. 432, 50 So. 754. An instrument will be held a mortgage whatever may be its form, if, taken alone or in connection with the surrounding facts, it appears to have been given for the purpose of securing the payment of money. Hull v. Burr, 58 Fla. 432, 50 So. 754; Connor v. Connor, 59 Fla. 467, 52 So. 727; Pittman v. Milton, 69 Fla. 304, 68 So. 658. It has been held that where a life insurance policy is transferred by a debtor to creditors, and premiums paid on the policy are charged to the debtor, and it is not clearly shown that the transfer was in fact made absolute, it will be deemed to have been made for the purpose of securing the debt. Pittman v. Milton, 69 Fla. 304, 68 So. 658. Likewise it may be said that an assignment of a mortgage or note, made for the purpose of securing a loan of money, though such assignment is absolute on its face, will be considered as a pledge or mortgage of such instruments only.

Parol evidence will be allowed to show that a deed or

other instrument absolute on its face was intended to operate as a mortgage. Chaircs v. Brady, 10 Fla. 133; Walls v. Endell, 20 Fla. 86; DeBartlett v. DeWilson, 52 Fla. 497, 42 So. 189; Elliott v. Connor, 63 Fla. 408, 58 So. 241.

The evidence as to whether or not the assignment of the mortgage and note from Lacey to Torreyson was an absolute assignment or a pledge or mortgage to secure a loan, was in conflict. The chancellor decided the assignment was given to secure a loan of money. There was substantial evidence to support this conclusion, and we are not willing to disturb it, the conclusion not being clearly erroneous.

The other questions presented relate to the proposition of whether or not there was usury in the transaction, and if so, whether or not Lacey was barred by laches from asserting it.

There was ample evidence to support the finding of the chancellor that there was usurious interest exacted in charging $50.00 interest for a loan of $250.00 for a period of thirty days, and we will not disturb this finding. The interest charged being in excess of 25 per cent per annum upon the sum loaned, was in violation of Section 6942 (4855), C. G. L., which provides:

"Any person . . . lending money in this State who shall wilfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent. per annum upon the principal sum loaned, by any contract, contrivance or device whatever, directly or indirectly, . . . shall forfeit the entire sum, both the principal and interest, to the party charged such usurious interest, and shall be deemed guilty of a misdemeanor, . . ."

This section is much stronger than Section 6938 (4151) C. G. L., which relates to interest charged in excess of 10 per cent. Section 6942 (4855) provides that the lender

shall forfeit the entire sum, both principal and interest, to the party charged such usurious interest, and in addition shall be deemed guilty of a misdemeanor. There is no question about this transaction being usurious within the meaning of Section 6942 (4855). The only question is whether laches has intervened to bar its assertion by Lacey in this case.

Laches is urged here to defeat the claim of Lacey to forfeiture of principal and interest. Laches was not asserted in the answer to Lacey's bill of intervention. In the case of Jones v. Hammock, 131 Fla. 321, 179 So. 674, relied on by appellants, the question of laches was raised in the answer. It was therefore not properly in issue here unless apparent upon the face of the petition for intervention. See Anderson v. Northrup, 30 Fla. 612, 12 So. 318; Norton v. Jones, 83 Fla. 81, 90 So. 854. It is not apparent from the face of the bill for intervention that Lacey is guilty of laches in asserting the claim for forfeiture of principal and interest on account of usury. The matter of laches appears to have been argued before the lower court because the final decree states that, "Much is said as to lapse of time. Lacey, until the appearance of this cause in the Supreme Court, has not apparently taken action in relation thereto; likewise the Torreysons, until the reassignment from Douglas in 1938, appear to have required no action by Douglas." However, the matter was not properly an issuable fact because not asserted in the answer to the bill for intervention and not apparent from the face of said bill.

Lacey, on November 16, 1926, borrowed money from Torreyson on the mortgage. On March 1, 1930, Torreyson assigned the mortgage to Douglas. On January 22, 1938, Douglas re-assigned the mortgage to Torreyson, who began foreclosure proceedings on February 1, 1938. In 1931,

after Douglas acquired possession of the mortgage, Nason acquired tax title to the property; and it was reconveyed to the original owner, Dutton, in 1937. During the interim 1931 to 1937, the mortgage was dead so far as either Torreyson or Lacey was concerned. It was not until legal title to the property came again into the hands of Dutton that the mortgage revived and Lacey had an opportunity of asserting his claim. Lacey testified that he knew nothing about the re-transfer of the mortgage and of the foreclosure until his return to the State in 1938, and that is the reason he did not sooner intervene. The chancellor apparently believed this testimony as he failed to find that laches existed. There was the period from November 16, 1926, to March 1, 1930, and the period from November, 1938, to his actual participation in the case a few months later to consider. Did this constitute laches? If it did then by the same token is Torreyson guilty of the same laches, in failing to bring her foreclosure suit for practically the same period of time.

What loss is occasioned to Torreyson that is inequitable due to lapse of time? Section 6942 (4855) C. G. L. provides that for a loan of money on which the lender wilfully and knowingly charges interest of 25 per cent upon the loan made shall forfeit the entire sum, both principal and interest, to the borrower. That forfeiture could have been enforced the first week of the contract, and that same forfeiture is now being enforced. The forfeiture now being enforced is no greater than it would have been if it had been enforced in 1926. No third party is affected by the transaction or the forfeiture, only the two original contracting parties. Where, then, is Torreyson prejudiced by the delay? We think the circuit judge correctly applied the rule of forfeiture and correctly held that laches did not interfere with

Lacey's intervention or right to declare a forfeiture because of usury.

The cross assignment of error has been examined in the light of the record and the briefs; but it is not made to appear wherein the lower court erred in allowing Torreyson to recover for taxes paid or for attorney's fees in recovering same.

The impertinent and scandalous matter in appellant's brief made the subject of a motion to strike will be considered as deleted therefrom.

No error having been made to appear in the final decree below, it is accordingly affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.