**B. L. LAMBERT and ELIZABETH M. LAMBERT, his wife, v. MINNIE LEE TAYLOR, joined by her husband, C. L. TAYLOR.**

8 So. (2nd) 393
June 2, 1942

Special Division B

Schad & Carter, for appellants.

H. S. Glazier, for appellees.

PER CURIAM:

This appeal brings for review a final decree, setting aside and cancelling a previous order of adoption.

On May 2, 1939, Minnie Lee Taylor, joined by her husband, C. L. Taylor, both of Tampa, Florida, filed a bill of complaint against B. L. Lambert and his wife, Elizabeth M. Lambert, both of Plant City, Florida, seeking to have revoked, vacated and annulled an order of adoption of a child entered March 31, 1934, by Hon L. L. Parks, Circuit Judge; and to have the name of the child changed to Lonnie David Taylor.

The allegations of the bill show that plaintiff, who was Minnie Lee Johnson at that time, gave birth to the child, Lonnie David, on October 12, 1933, prior to her marriage; that a son of defendants, Kenneth Lambert, was the father of the child; that shortly after the birth of the child, defendants requested plaintiff to come and live with them; that defendant, Elizabeth M. Lambert, claims to have adopted the child; that the order of court permitting adoption was procured through mistake, accident and fraud; that plaintiff did sign a paper, but thought it was a paper to give the child a name, instead of an adoption paper, by which defendants adopted the child; that in February, 1935, defendants gave the child to a family in Island Grove, Alachua County, Florida. The bill also contained allegations as to the unfitness of defendants, and the fitness of plaintiff and her husband to keep the child.

B. L. Lambert and his wife, Elizabeth M. Lambert, each filed separate answers to the bill. The answers denied the material allegations of the bill and set up that the child, Lonnie David Lambert, was adopted by defendants, and was given all the care, love and affection possible; that Mrs. Lambert became seriously ill and her step daughter and husband, Mr. and Mrs. W. P. Howard, of Island Grove, Alachua County, Florida, adopted the child on September 25, 1935, and

had the child's name changed to W. P. Howard, Jr.; that the Howards are able to care for the child and have cared for it as their own; that plaintiff, Minnie Lee Taylor, it not a fit person from the standpoint of health and morals to have the custody of the child.

The court decreed that the order of adoption of March 31, 1934, be set aside, cancelled and held for naught.

The evidence shows that a short time after the birth of the child, Lonnie David, the Lamberts, the parents of the accused father of the child (Kenneth Lambert), asked Minnie Lee Johnson, the mother of the child, to come live with them. She did, and stayed there from October, 1933, until March or April, 1934, a period of about four or five months, when she was told to leave. The deed of consent permitting the adoption by Mrs. Lambert of the child was signed by Minnie Lee Johnson in the presence of witnesses, while she was living with the Lamberts. The evidence was conflicting, but there was evidence to show that plaintiff did not know she had consented to the adoption by signing the paper, but thought it was only for the purpose of giving the baby a name. On that point plaintiff, Minnie Lee Taylor, testified as follows:

"Q. It is claimed you signed for Mrs. Lambert, a stipulation or deed of consent permitting Mrs. Lambert to adopt this child. Do you know anything about? A. I signed the paper but I did not know what I was signing. I was told nothing about it.

"Q. Well explain exactly the circumstances under which the papers were signed, and why it was signed? A. I was in the back somewhere and Mrs. Lambert called me in the front room and when she asked me to sign the paper she told me to sign Minnie Lee

Johnson, and then she put her hand over the paper so I could not see the words. Judge Wells and Judge Knight were there, and she asked me to go into the back again as soon as I signed the paper, and then she talked to them.

"Q. Was the paper read to you? A. No.

"Q. Were you advised of the contents of the paper? A. No sir I was not.

"Q. Did anybody say anything to you about what the paper was for or supposed to be? A. Mrs. Lambert said the paper was to give the child a name, that was all the information I had.

"Q. At the time when you signed the paper did you know you were waiving your rights to the custody of that child? A. No."

The fraudulent gaining of the consent of the natural parent to the adoption has been held to be sufficient to warrant a court in setting aside the adoption. 2 C.J.S. 435, Sec. 45.

It has also been held that if the mother of a child neglected to read and thoroughly note the contents of the papers she signed when giving up its custody to her mother-in-law, which papers in fact constituted an adoption agreement, if she was prevented from so doing by legitimate inferences drawn from her husband's letters that the change in the custody of the child would be only temporary, and by the close confidential relations between all the parties, she should not be bound by her signature to the agreement. Westendorf v. Westendorf, 187 Iowa 659, 174 N. W. 359. See also the case of Williams v. Briley, 137 Wash. 262, 242 Pac. 370, where the court held that the natural mother in consenting to the adoption was deceived, misled and overreached.

Although there was a conflict in the evidence, there was competent evidence to show that fraud had been practiced on Minnie Lee Johnson by Mrs. Elizabeth M. Lambert, in the manner in which her consent to the adoption was procured. The chancellor ordered the adoption order to be vacated. When there is substantial evidence to support the finding of the chancellor, and no error is made to appear in the final decree appealed from, the final decree should be affirmed.

Laches, even it if had been a meritorious defense, cannot be considered here, because it was not made an issue in the pleadings below, and it does not appear upon the face of the bill of complaint. See Torreyson v. Dutton, 145 Fla. 169, 198 So. 796.

Nothing said herein is intended to control the rights of appellee, Minnie Lee Taylor, as opposed to those of Mr. and Mrs. W. P. Howard who are now said to have custody of the child. Those rights will have to be settled in another case.

Affirmed.

BROWN, C. J., WHITFIELD, CHAPMAN and THOMAS, JJ., concur.