## In re ADOPTION OF GORT.

Circuit Court, Dade County.

December 21, 1953.

Nat. L. Williams, Miami, for petitioners.

Hilton R. Carr, Jr., Miami, for cross-petitioner.

PAT CANNON, Circuit Judge.

A petition for adoption of a male infant Gort was filed by the petitioners James and Betty Smith on June 12, 1953. Attached to the petition was a consent to adoption signed by the natural mother, and witnessed and acknowledged in accordance with statutory requirements. This court, upon a favorable recommendation being made by the welfare board, entered an interlocutory decree of adoption on August 14, 1953. Thereafter, on December 15, 1953 a cross-petition was filed by the natural mother, Helen Gort, which petition alleged that the consent to adoption had not been freely and knowingly given and asking that the custody of the child be awarded to the natural mother. A motion to dismiss the cross-petition was filed by the petitioners. A hearing was held and testimony was taken on the cross-petition.

From the testimony presented it appears that the natural mother, who is unmarried, became pregnant in Elizabeth, New Jersey. Her doctor recommended that she come to Miami and upon arrival contact a certain doctor. She did so and upon her arrival in Miami was given a room in the Miami General Hospital where she lived until the birth of the child. During that time she was employed without pay in the office of the hospital. During this period considerable pressure was brought to bear upon her to give up her child for adoption when it was born. The child was born on June 10, 1953. On the afternoon of the same day while the mother was still under the influence of drugs and anesthesia and still suffering from the effects of childbirth, she was presented with the consent to adoption, which she signed. It is to be noted that the names of the adoptive

parents are not set forth in the consent, in fact, the consent states that the natural mother does not know the identity of the adoptive parents. The testimony also shows that the mother did not know the identity of the adoptive parents at the time the consent was executed.

The natural mother is a person of good character and is in a position to give the child the best of care and attention.

The court is of the opinion that the consent to the adoption should be rescinded and that the interlocutory decree should be vacated for two reasons. First, because the facts of the case clearly show that the consent was not given under such normal circumstances as to enable the court to say that it was freely and knowingly given; and, second, because it was a general consent to adoption rather than a specific consent to adoption *by the petitioners* in this case.

It is established law in Florida that a consent which is not freely and voluntarily obtained from a mind functioning under normal conditions and circumstances may be withdrawn and revoked. Lambert et ux. v. Taylor (Fla.), 8 So. 2d 393; Petition of Gaban et ux. (Fla.), 30 So. 2d 176. This revocation may be made after the interlocutory decree of adoption has been entered. Petition of Gaban et ux, supra.

The Supreme Court of Florida has not specifically passed upon the effect of a general consent to adoption, but it has been held in other jurisdictions that a consent given by a parent from whom the identity of the adoptive parents is concealed is insufficient, either on the ground that such a consent is against public policy, or on the ground that the consent must be given in or with reference to specific proceedings. 24 A.L.R. 2d 1127, 1138. This court is in accord with such holdings. Otherwise, general consents to adoptions would provide too tempting a device for unscrupulous persons to organize and operate a black market trafficking in babies. In the opinion of the court a consent to adoption must be given to specific persons, or the adoption must be handled through a licensed child placing agency so as to circumvent any such bartering—the use of any other method is against public policy.

It is accordingly ordered, adjudged and decreed that—1. Petitioners' motion to dismiss the cross-petition is denied. 2. The interlocutory decree of adoption entered on August 14, 1953 is vacated and set aside. 3. The petition of James and Betty Smith for adoption of the male infant Gort is dismissed. 4. The consent to adoption signed by Helen Gort on June 10, 1953 is declared null and void and of no force or effect. 5. The exclusive care and custody

of the minor child is awarded to its natural mother, Helen Gort. 6. The petitioners James and Betty Smith are ordered immediately to deliver custody of the male infant Gort to its natural mother, Helen Gort. 7. The cross-petitioner Helen Gort is permitted to remove the male infant Gort from the jurisdiction of the court provided that as a condition precedent to such removal she shall file with the clerk of the court a bond with good and sufficient surety or sureties in the penal sum of $2,000, payable to the clerk of the court, conditioned that she shall well and faithfully comply with any future orders pertaining to the custody of the said infant which may be entered by the court in these proceedings, the bond to be approved by the court.