HOBSON, Justice.
The situation which gave rise to these proceedings had its inception when custody' of a child was awarded by the county probation officer and the sheriff to persons who subsequently petitioned for adoption of the child, and who are appellants herein'. This award of custody was entirely without authority since it was accomplished without the sanction of the county judge, as required by Secs. 415.04 and 415.05, Florida Statutes 1949, F.S.A., then in effect.
A consent was executed by the mother of the child, and appellants filed their petition for adoption. Voluminous testimony was taken before’ a special examiner appointed by the circuit court. The adoption proceedings terminated in an order dismissing the petition. This order was based upon findings that “the welfare of the minor child sought to be adopted does not warrant depriving her natural parents of her custody” and that the natural parents “are fit and proper persons to have custody of the said minor child and are able to give her the care required.” It was ordered that the petitioners deliver custody of the child to its natural parents. The order of the circuit court was based upon the testimony reported by the special examiner, depositions filed in the cause, and recommendations of the State Welfare Board.
Appellants contend that the welfare of the child will best be served by the granting of the petition for adoption, that the mother is bound by the consent which she executed, and that there is not sufficient evidence in the record to sustain the mother’s contention that the consent was obtained by fraud. We have reviewed the record and find that it contains competent substantial evidence that the consent was obtained by fraud, duress, or both. Since we have made this determination, the case is controlled by Lambert v. Taylor, 150 Fla. 680, 8 So.2d 393, and the child is therefore shown not to have been a proper subject for the adoption proceedings. Moreover, we find that the record amply supports the *165 findings of the chancellor which we have stated above.
Affirmed.
DREW, C. J.,. THORNAL, J., and PATTERSON, Associate Justice, concur.