PEARSON, Judge.
This is an appeal from a summary judgment for the defendant in a negligence action. The trial judge had before him at the time of the entry of the summary judgment the complaint and answer, the discovery deposition of the plaintiff which was taken by the defendant and the discovery deposition of the defendant taken by the plaintiff. Each of the depositions had as exhibits photographs which were important to an understanding of the allegations of the complaint. A part of the opinion of the trial judge is as follows:
“Plaintiff, a lady of 68 years, resided in Defendant’s apartment house for fourteen years prior to this accident. The small lobby and stairway area were in the same condition all during that time and were used daily by the Plaintiff. On the night of the accident, Plaintiff descended the stairs, stood on the landing talking to another lady for a moment, and then proceeded toward the front door some ‘twenty steps away.’ She took one step, slipped on the ‘board’ and fell, resulting in serious injuries and entailing a great deal of out-of-pocket medical expenses.
“Plaintiff relies on three things to show negligence. One, the uneven floor surface; two, the dimness of the area; and three, a violation of Chapter 509.221(3), Florida Statutes (same as Chapter 511.13, Florida Statutes, 1941, and Section 3361, C.G.L.)
“Plaintiff does not allege or claim there was anything of a slippery nature or foreign substance on the floor. She was thoroughly familiar with the step and its covering. She did not trip on the rug runner. She had negotiated the same area daily for fourteen years.
“This court is of the opinion that there is no evidence of negligence shown by the Plaintiff on the part of the Defendant.”
The controlling question, therefore, is whether the depositions and photographs so conclusively demonstrate the use of due care by the defendant, under the circumstances of this accident, that reasonable men could not find upon a trial of the issue a lack of due care. The essence of plaintiff’s contentions is that the landing upon which she fell was not in a reasonably safe condition for her use. The complaint in twelve different counts alleges many grounds for negligence in the alternative. But the deposition of the plaintiff narrows these charges, by her admissions, to a contention that she slipped upon a *911 board which she expected to be covered by a carpet but which was not. Further, that she .was looking where she was going but was prevented from seeing where she stepped because the landing was in semidarkness.
The photographs which were before the court can not be adequately commuriicated by a short description but they portray a landing wide enough to accommodate two parallel carpet runners of normal width and a third runner connecting the sides of the two in a diagonal direction. This method left uncarpeted quadrangles before and after the diagonal piece. It was in one of these areas that plaintiff states she slipped. There is a definite controversy between the plaintiff and the defendant, as revealed by their depositions, as to the amount of light in the landing area at the time of the accident.
The appellee tacitly concedes that the uneven area coupled with a lack of adequate lighting might be construed to constitute negligence, since her sole contention is that the summary judgment should be affirmed upon the basis that contributory negligence of the plaintiff appears as a matter of law. In this connection we note, first, that the answer does not plead that defense and therefore it was not in issue. Second, this court should not usurp the function of the trial judge and pass upon a matter which it affirmatively appears that the trial judge did not consider. Torreyson v. Dutton, 145 Fla. 169, 198 So. 796; Lambert v. Taylor, 150 Fla. 680, 8 So.2d 393; Gautier v. Biscayne Shores Imp. Corp., Fla.1953, 68 So.2d 386; cf. Rule 3.7(i), Florida Appellate Rules.
The summary judgment must be reversed upon authority of Weber v. Porco, Fla.1958, 100 So.2d 146, and Saunders v. Kaplan, Fla.App. 101 So.2d 181.
Reversed.
CARROLL, CHAS., C. J., and HORTON, J., concur.