502 So.2d 69 (1987)
EAGLE NATIONAL BANK OF MIAMI, Appellant,
v.
William J. BURKS, Appellee.
Nos. 86-335, 86-336 and 86-1037.
District Court of Appeal of Florida, Third District.
February 10, 1987.
*70 Squire, Sanders & Dempsey and Hendrik G. Milne, Miami, for appellant.
Simon, Schindler, Hurst & Sandberg and Neal Sandberg and Thomas M. Pflaum, Miami, for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.
HENDRY, Judge.
Defendant, Eagle National Bank of Miami (Eagle Bank), appeals a final summary judgment for plaintiff, William J. Burks (Burks). We affirm, based on the following brief analysis.
In November, 1985, Burks sued Eagle Bank seeking to cancel a $76,220.00 note and mortgage. Burks' complaint alleged that on August 7, 1978, the two year note and mortgage had been executed in favor of a company named Agrimarkets, Inc., which then assigned the note and mortgage to its president, Mr. Dreer. Burks asserted, inter alia, that the note and mortgage should be cancelled since they were no longer enforceable under section 95.11(2)(b), Florida Statutes (1979), the five year statute of limitations having expired on August 7, 1985.
Burks argued that by their express terms, the note and mortgage had gone into default on August 7, 1980. Nearly two years after the default, the note and mortgage were reassigned by Dreer to Eagle Bank as collateral on a $120,000.00 loan. Dreer thereafter defaulted on his obligation to Eagle Bank and the property described in the mortgage was deeded to Eagle Bank's trustee in 1982. Eagle Bank alleges that there was evidence to suggest that it reasonably believed from late 1982, when it took the mortgage and note by assignment, until mid-1985, when the Burks deed was declared a forgery in an earlier action,[1] that it owned the property outright and due to merger of title, it had no cause of action against Burks. Therefore, Eagle Bank claims that the statute of limitations was tolled during the period of time in which Eagle believed it had no present cause of action. On appeal, Eagle Bank contends that the trial court should have construed all inferences in the light most favorable to the party opposing the motion and should not have entered summary judgment upon this ground.
In the instant case, summary judgment was entered on the trial court's finding that the evidentiary matters before the court upon the motion demonstrated without genuine issue of material fact that the enforcement of the note and mortgage was barred by the statute of limitations. Landers v. Milton, 370 So.2d 368 (Fla. 1979) (once movant tenders competent evidence to support his motion, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue). The movants, thus, sustained their initial burden by demonstrating on the face of the pleadings that the statute of limitations had expired. It was then up to Eagle Bank to rebut the evidence supporting the motion so as to create a factual issue as to whether the statute of limitations was tolled during the period it believed it owned the property. See Austin v. City of Mount Dora, 417 So.2d 807 (Fla. 5th DCA 1982). This it did not do. The instant record is *71 devoid of any competent evidence to support Eagle Bank's allegation. See Landers v. Milton, 370 So.2d at 370 (party seeking to escape the statute of limitations must bear the burden of proving circumstances that would toll the statute).
Thus, we affirm the summary final judgment based upon the holding that the expiration of the statute of limitations entitled Burks to judgment as a matter of law. Landers v. Milton, 370 So.2d at 368; Latour Auto Sales, Inc. v. Stromberg-Carlson Leasing Corp., 335 So.2d 600 (Fla. 3d DCA 1976); Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975), cert. dismissed, 336 So.2d 105 (Fla. 1976).
In view of our holding, we do not reach the other points on appeal raised in consolidated appeals, numbers 86-336 and 86-1037.
Affirmed.
NOTES
[1] In the earlier action, Burk alleged that Dreer had forged a deed purporting to convey the property described in the mortgage from Burks to Dreer's trustee, who then mortgaged the property to Eagle Bank as collateral. The trial court entered partial final summary judgment quieting title in Burks' favor.