PER CURIAM.
After a careful examination of the record, briefs, and applicable law in this case, we conclude that the final order under review should be affirmed. At the outset, we have considerable doubt as to the correctness of the January 9, 1987, circuit court order which set aside the adoption of Kelly Page Lessem as, in our view, it is dubious whether a fraud upon the court was ever shown. Yiannis Baron Antoniadis, the biological father of Kelly, was not an essential party to the original adoption proceeding and was not required to be notified of such proceedings, as his consent to the adoption was not required— given the fact that (a) Kelly was born out of wedlock, (b) Antoniadis’ paternity was never established by court proceedings, and (c) Antoniadis never filed an official acknowledgement of his paternity nor supported or adopted Kelly. DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984); In re A.J.B., 548 So.2d 906 (Fla. 1st DCA 1989); Wylie v. Botos, 416 So.2d 1253, 1255-56 (Fla. 4th DCA 1982); In re Adoption of Mullenix, 359 So.2d 65 (Fla. 1st DCA 1978); §§ 63.062(1), 63.122(4)(c), Fla.Stat. (1979). Nonetheless, we are convinced that the circuit court in Hillsborough County had the jurisdiction and authority to reach a different result by entering the subject order and that, accordingly, the trial court below, sitting in probate, was eminently correct in rejecting the affirmative defense asserted by the Estate of Yiannis Baron Antoniadis that the January 9, 1987, order was erroneously entered and should be disregarded; a circuit court clearly cannot disregard the orders of another circuit court on the theory that such orders were erroneously entered. See Eastern Shores Sales Co. v. City of N. Miami Beach, 363 So.2d 321, 323 (Fla.1978).
Moreover, we are totally unpersuaded that the January 9, 1987, order did not invalidate the adoption decree ab initio as it is plain that the subject order had just that effect. Bemis v. Loftin, 127 Fla. 515, 173 So. 683, 688-89 (1937); Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988). Finally, we reach our result herein, as did the Second District Court of Appeal [which affirmed a trial court order denying the Estate of Yiannis Baron Antoniadis’ motion to vacate the January 9, 1987, order for lack of standing], “without prejudice to the appellant’s ability to initiate an independent action” to set aside the subject order on the ground that the original adoption was not obtained through a fraud upon the court. In re Adoption of Lessem, 536 So.2d 343, 344 (Fla. 2d DCA 1988) (emphasis added). Unless and until the January 9, 1987, order is set aside in such an independent action, the trial court was plainly required to recognize, as it did, the validity of said order.
Affirmed.