SHARP, W., Judge,
concurring specially.
Although I agree with the result in this case, the reversal should be premised not upon the ordinary basis for overturning a summary judgment; i.e., that there is a material issue of fact that needs to be settled after a hearing by the factfinder, but that the one year time limit set forth in section 63.182 is not applicable to bar this suit.
The trial judge granted summary judgment in this case, specifically relying on that section as a kind of statute of limitations, which prevented Preston’s challenge to this more than one-year-old adoption decree.[1] That is the issue which should be addressed in this case. In my view, section 63.182 is simply not applicable to bar Preston’s attack on the adoption as having been procured by fraud. Sending the case back for trial on the ground section 63.182 is “not implicated at this time” does not answer the question posed. If not implicated “now,” when will it ever be implicated?
Preston appeals from a final summary judgment denying her suit to set aside the adoption of her daughter, Jessica. Jessica had been adopted by Preston’s parents, the Tolones, and the final judgment of adoption was rendered on March 13, 1991. On September 4, 1992, Preston brought this suit to set aside the adoption on the ground that her consent to the adoption (if it had been obtained and was not a forgery) was procured by fraud and misrepresentation. The trial court granted the final summary judgment, *969 relying on section 63.182, Florida Statutes (1991).
Section 63.182 provides:
After one year from the entry of a judgment of adoption, any irregularity or procedural defect in the proceedings is cured, and the validity of the judgment shall not be subject to direct or collateral attack because of any irregularity or procedural defect. Any defect or irregularity of, or objection to, a consent that could have been cured had it been made during the proceedings shall not be questioned after the time for taking an appeal has expired.
This case never proceeded to trial or hearing. The record on appeal consists solely of depositions and affidavits, which, as we read them, create a genuine issue of material fact as to whether Preston’s consent to the adoption was obtained either by forgery, trick or fraud. The fact that more than one year had passed since the adoption became final before Preston sought to challenge it in court is not determinative. Section 63.182 has no application here.
Section 63.182 serves as a closure on adoptions during which procedural defects occurred, of the kind that could be cured during the adoption proceedings, had they been called to the court’s or the parties’ attention. However, fraud (whether “intrinsic” or “extrinsic” in the common law sense) or forgery are more than procedural problems. They cannot be “cured” in the challenged adoption because, if discovered, they would invalidate or void the whole proceeding.[2] Fraud on the court is a traditional ground to collaterally attack a final judgment many years after it was rendered, on the legal theory that a judgment so obtained is a legal nullity, or void.[3]
I agree with the Third District Court of Appeal that a motion to annul an adoption on the grounds of fraud (and forgery) is not barred by the one year time limit in section 63.182. M.L.B. v. Department of Health and Rehabilitative Services, 559 So.2d 87 (Fla. 3d DCA 1990), rev. denied, 574 So.2d 140 (Fla. 1990). The fact that the fraud involved in M.L.B. concerned the Department’s fraudulently concealing reports indicating the adopted child was too severely troubled to be able to function in a traditional home environment, does not make that case distinguishable in a meaningful way from this ease. Obtaining a consent to adoption by fraud, if anything, makes this case a stronger candidate for voiding a final judgment than M.L.B.

. Summary judgment is appropriate where, as here, the face of the pleadings demonstrates that the action is time barred. See Almand Construction Co., Inc. v. Evans, 547 So.2d 626 (Fla.1989); Landers v. Milton, 370 So.2d 368 (Fla.1979); Eagle National Bank of Miami v. Burks, 502 So.2d 69 (Fla. 3d DCA 1987); Don Mar, Inc. v. Cillis, 483 So .2d 870 (Fla. 5th DCA 1986).

. See In re Adoption of Shea, 86 So.2d 164 (Fla. 1956); Lambert v. Taylor, 8 So.2d 393 (Fla.1942).

. See State ex rel. Warren v. City of Miami, 15 So.2d 449 (Fla. 1943); Andy v. Lessem, 595 So.2d 197 (Fla. 3d DCA 1992); Groover v. Groover, 383 So.2d 280 (Fla. 5th DCA 1980); In re Kant's Estate, 265 So.2d 524 (Fla. 3d DCA 1972).