JESSIE LAYNE, a widow, *et al.*, v. MRS. ANNIE M. E. BROWN.

157 So. 185.
Division B.
Opinion Filed October 24, 1934.

*Farnell & Black* and *J. M. Hearn,* for Appellants;
*Hampton & Jordan,* for Appellee.

BUFORD, J.—In this case the facts were as follows: The State Exchange Bank of Lake City, Florida, closed its doors on July 20th, 1926, and for a short period was in liquidation, but afterwards reopened. F. H. Ives was vice-president and managing head of the bank. It was discovered when the bank closed that Ives was indebted to the bank in the sum of $23,679.88. Mrs. Annie M. E. Brown had on deposit in the bank something over $25,000 and F. H. Ives represented to Mrs. Brown that he was indebted to

the bank in the sum above mentioned. We may say in passing that it appears that this indebtedness was really a defalcation on the part of Ives. However, that fact has no controlling influence in this case.

It is not made to appear that Mrs. Brown had any knowledge of the fact, if it was a fact, that Mr. Ives was short in his account and was amenable to prosecution.

The record discloses that Mr. Ives applied to Mrs. Brown for a loan of $23,679.88 to be represented by a check drawn by Mrs. Brown on her account in the bank; that Mrs. Brown agreed to make the loan, and did makes the loan, and that Mr. Ives used the check and procured with it a transfer in the bank by a charge to Mrs. Brown's account of that sum and a credit to himself for that sum of money. To secure the loan Mr. Ives' mother executed a mortgage in favor of Mrs. Brown on certain property in Suwannee County. The mortgage contained a covenant to pay the note, which was the evidence of the debt from Mr. Ives to Mrs. Brown. Mrs. Ives later died and thereafter her heirs at law were made defendants to this foreclosure suit.

It is contended that the mortgage was without consideration. The contention is entirely untenable. Mrs. Brown was a creditor of the bank. Through this transaction she transferred to Mr. Ives a definite part of that credit, which unquestionably was of great value, and Mr. Ives converted that credit to his own credit and thereby reduced the claim of Mrs. Brown against the bank in the sum of the check for which he received full benefit.

It is further contended that the mortgage is void because it constituted a part of a transaction which was unlawful. That is, that because of the fact that the mortgage was given to secure the payment of a loan which was to be used to stifle prosecution or to compound a felony in that it was

to be used to prevent the prosecution of Ives for the crime of embezzlement from the bank.

This contention is also untenable because the record shows that Mrs. Brown made the loan in good faith and without any knowledge that it would be used by Mr. Ives either to cover up a defalcation, to stifle a prosecution or to compromise a criminal offense. The record shows that Mrs. Brown's information was that the bank had closed largely because of the fact that Mr. Ives was heavily indebted to the bank and could not meet his obligation and that if Mrs. Brown would make this loan he could repay the bank and thereupon put the affairs of the bank in such shape that it could reopen. The record further shows that with the help accruing from this transaction the bank did reopen at an early date thereafter and that it has paid off something like 80% of its creditors.

The factual conditions of the case make the authorities cited in support of the appellants' contentions inapplicable. A mere statement of the case is sufficient to show that there is no error in the decree. It should, therefore, be affirmed and is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.