**MAMIE H. ALLEN** v. **L. R. POWELL, JR.,** and **HENRY W. ANDERSON,** as Receivers of Seaboard Air Line Railway Company, a corporation.

7 So. (2nd) 465            En Banc
April 14, 1942

Evan T. Evans, Samuel, Kassewitz and Clyde A. Allen, for plaintiff in error;

F. P. Fleming and Fleming, Hamilton, Diver, Jones & Scott, for defendants in error.

PER CURIAM:

This writ of error is to an order granting a new trial on the ground that the plaintiff concealed the name of a material witness in the cause by causing a witness subpoena to be issued to a fictitious person and then changing it to be directed to the real witness.

Defendant in error contends that such procedure deceived the court, the jury, and defendant and was a fraud on them and prejudiced them in the preparation for and in the trial of the cause. When the motion for new trial came on to be heard, the trial court took evidence on these issues and granted the new trial.

Section 4374, Compiled General Laws of 1927, requires the Clerk of the Court to issue all subpoenas for witnesses when application therefor is made and Section 4857, Compiled General Laws of 1927, requires him to keep a docket of such subpoenas and enter the name of the witness thereon. This docket is subject to inspection by counsel and may be of material value to

him in the preparation of his case. Counsel for defendants in error allege that they inspected and relied on it in this case and were deceived by it.

The mere fact that a witness is not subpoenaed does not disqualify him as such or vitiate his testimony but since the matter of granting or denying a new trial is one in the discretion of the trial court and after taking evidence and considering the contents of the motion in this case, he exercised that discretion in the affirmative, we do not feel justified in reversing him.

Affirmed.

BROWN, C.J., WHITFIELD, TERRELL, THOMAS and ADAMS, JJ., concur.

BUFORD and CHAPMAN, JJ., dissent.

BUFORD, J., dissenting:

I think the record entirely fails to show that the defendant was in any wise injured by the irregularity occurring in connection with the witness subpoena and that the granting of a new trial constituted an abuse of judicial discretion.

CHAPMAN, J., concurs.