WILLSON, J. H., Associate Judge.
The proceedings leading up to the final judgment from which this appeal is taken are set forth in Judge Shannon’s opinion in a previous appeal, and will be found in 120 So.2d 644.
At the sounding of the docket in the lower court on June 12, 1962, the cause was set for trial on June 19, 1962. On June 18, 1962, appellant’s counsel moved for a continuance on the following grounds:
“1. That the defendant is an out-of-state resident and his attorneys have been unable to apprise him of the trial date.
“2. Without the presence of the defendant, he would be unduly prejudiced as to not be accorded a fair trial.
“3. That his attorney has a Hearing in the Federal District Court, Tampa, Florida, at 9:00 o’clock A.M. June 19, 1962.”
An affidavit was filed in support of the motion which set forth no additional facts. The Court denied the motion for continuance and this is assigned as error.
Motions for a continuance on the ground of an absent witness, must show the applicant has exercised due diligence to procure the witness’ attendance. Moore v. State, 59 Fla. 23, 52 So. 971; Jones v. State, 44 Fla. 74, 32 So. 793. An even stricter rule applies where the continuance is sought on the ground of an absent party. 12 Am.Jur. 457. We are cognizant of the short interval between the sounding of the docket and the trial date, but in the absence of any showing as to the specific steps taken by appellant’s counsel to notify his client of the trial date, we cannot hold the denial of the motion for continuance to be an abuse of discretion.
The theory upon which the case was tried was that of an account stated. Ap-pellee might have more aptly pled an account stated; however, the allegations of the complaint, and the exhibits attached thereto, meet the minimum technical requirements set forth in Moore v. Boyd, Fla., 62 So.2d 427. There was sufficient evidence to support a finding for the ap-pellee.
The judgment is affirmed.
KANNER, Acting C. J., and ALLEN, J., concur.