256 So.2d 218 (1972)
COPLAN PIPE AND SUPPLY COMPANY, Inc., a Florida Corporation, Appellant,
v.
BEN-FRIEDA CORPORATION, a Florida Corporation, Appellee.
No. 71-291.
District Court of Appeal of Florida, Third District.
January 4, 1972.
Rehearing Denied January 24, 1972.
*219 Ralph & Boyd, Miami, for appellant.
Caidin, Rothenberg, Kogan & Kornblum, Miami, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
HENDRY, Judge.
Appellant-plaintiff Coplan Pipe & Supply Co. sued to foreclose a mortgage secured by a series of promissory notes; a few of these notes have been paid. Coplan seeks review of the final judgment favorable to appellee-defendant Ben-Frieda Corporation, Inc. The judgment, inter alia, ordered the clerk of the court to cancel and discharge the mortgage involved. We affirm. In a prior appeal, the denial of Coplan's motion for summary judgment had been affirmed in Coplan Pipe and Supply Co., Inc. v. Ben-Frieda Corporation, Fla.App. 1970, 240 So.2d 501.
The issues raised on appeal concern conduct of the trial, defenses to the notes and extinguishment of the debt.
On March 31, 1969, Dade Plumbing (not a party herein) executed as maker several promissory notes totaling $50,000.00 payable to Coplan Pipe. The notes were then indorsed (in the order appearing on the notes) by Coplan Pipe, Purcel and Schoenfeld (president of Ben-Frieda); however, the parties disputed the actual order of the signing. The trial court found adverse to Coplan on this point. Appellee Ben-Frieda admitted the execution of the notes and mortgage, but presented certain affirmative defenses, including discharge.
On April 8, 1969, defendant Ben-Frieda as mortgagor executed a mortgage on certain real property which it owned to secure the notes so that Coplan Pipe could receive $50,000.00 from Jafee, the mortgagee. The money was ultimately deposited to the account of Coplan Pipe.
Dade Plumbing went into bankruptcy in September, 1969. Coplan Pipe paid the balance of several remaining unpaid notes to Jafee, the mortgage holder, and received the notes and an assignment of the mortgage. Coplan also paid about $7,600.00 as mortgage payments on the first mortgage on the property of the Ben-Frieda Corporation; in the final judgment entered herein, Coplan Pipe was awarded this $7,600.00 amount, plus interest.
During the trial Coplan Pipe sought to call Schoenfeld, as president of Ben-Frieda Corporation, as an adverse witness under Rule 1.450(a), Florida Rules of Civil Procedure, *220 30 F.S.A. This was objected to by appellee because Schoenfeld had not been subpoenaed and was not present in court. The court sustained the objection. An officer of Coplan Pipe filed an affidavit that he knew Schoenfeld and had seen him in the court hallway that day.
At oral argument appellant conceded that at a brief pre-trial conference, in which no pre-trial order was entered, he did not advise appellee that he intended to call Schoenfeld. At trial he did not move for a continuance or make a proffer of what he intended to prove by Schoenfeld's testimony. He did not ask, at the trial, that the court issue a subpoena.
The first issue to be decided is: May the plaintiff call the executive officer of the defendant corporation under the adverse witness rule, where the officer is truly "adverse,"[1] but where that officer was not present in court when called as a witness and was not under subpoena. We hold that the trial court did not err in its ruling.
In most instances, the better practice is to subpoena witnesses who may be called to testify at trial, rather than to rely upon their voluntary appearance. See Allen v. Powell, 150 Fla. 402, 7 So.2d 465 (en banc); Rogers v. Visioneering Concrete Construction Company, Fla.App. 1963, 155 So.2d 163; VIII Wigmore, Evidence (McNaughton Rev., 1961) § 2199, p. 115.
Appellant next argues that it sued as an assignee for value of a holder in due course, citing § 68.06, Fla. Stat., F.S.A.[2] Thus, in broad terms, appellant asserts that it is a successor, under § 673.201(1), Fla. Stat., F.S.A.[3], to the rights of a party who is a holder in due course without notice that an instrument is overdue, dishonored or subject to a defense. Thus, appellant concludes that only real and not personal defenses may be asserted against it. Appellee, however, argues that it was discharged as a party to the note under § 673.208, Fla. Stat., F.S.A.[4], and that this defense of discharge of a party may be asserted against appellant, as a prior endorser, under § 673.602, Fla. Stat., F.S.A.[5]; see *221 also § 673.304(1) (b), Fla. Stat., F.S.A.[6] Ben-Frieda, the appellee, also contends that Coplan lacks the status of a holder in due course or successor to such a holder. Appellee further states that it was an accommodation party for Coplan Pipe which was the party accommodated; therefore, Coplan Pipe cannot recover from its own surety.
We agree in general with the appellee, and affirm, but not for precisely the reasons assigned. We reason as follows: First, if one assumes Coplan had holder in due course status (as a successor to a holder in due course), by reacquiring the notes after participating fully in the underlying transactions, it had actual notice of the personal defense of discharge, so that the defense could be asserted; second, Coplan did not have holder in due course status because it had full knowledge of the transactions.
To begin with, assuming Coplan had holder in due course status, under § 673.201(1); Fla. Stat., F.S.A.:
"Transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee ... who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course." (Italics added.)
Official Comment 3 to this section explains:
"... The provision is not intended and should not be used to permit any holder ... who has received notice of any defense or claim against it [the instrument], to wash the paper clean by passing it into the hands of a holder in due course and then repurchases it. * * *"
Discharge of a party to a negotiable instrument is only a personal defense and may not be asserted against a holder in due course without notice. §§ 673.602 and 673.305(2) (c) Fla. Stat., F.S.A.; see also § 673.415(4) Fla. Stat., F.S.A. Furthermore, reacquisition discharges an intervening party, § 673.208, Fla. Stat., F.S.A. These rules are designed to avoid circuity of actions.
No discharge of any party provided by Article 3 is effective against a subsequent holder in due course unless that subsequent holder in due course has notice thereof when he takes the instrument. § 673.602, Fla. Stat., F.S.A. The Official Comment to that section states that where one has notice of a defense of discharge of another party then the first party is not a holder in due course as to the second, even though he may be a holder in due course without notice as against any other party who has not been discharged. See also: § 673.304(1) (b), Fla. Stat., F.S.A.
Now we turn to this court's second line of reasoning concerning Coplan's actual notice, which is a refutation of our initial assumption that Coplan could assert the rights of a holder in due course without notice.
Appellee argues that appellant lacks the status of a holder in due course without notice provided by § 673.302, Fla. Stat., F.S.A. A payee, according to Official Comment 2 to 673.302 Fla. Stat., F.S.A., may become a holder in due course, in his own right, to the same extent as any other holder. See: § 671.201(20), Fla. Stat., F.S.A. Appellant Coplan Pipe negotiated and arranged the transaction, and was the entity to whom the funds were ultimately paid. "Notice" includes "actual notice." § 671.201(25) Fla. Stat., F.S.A.
*222 Coplan participated in the underlying transaction. The plaintiff testified that the notes and mortgage were given to secure a pre-existing debt owing from Dade Plumbing to Coplan Pipe. The appellee introduced testimony that Coplan Pipe actually owed Dade Plumbing much more. There was evidence that on April 2, 1969, Coplan Pipe excuted a document purporting to be an agreement with Dade Plumbing that Dade Plumbing owed Coplan $265,000.00. The court refused to recognize the document offered as sufficient proof of an account stated. In short, Coplan had actual notice.
We have concluded that the trial court's rulings and the judgment appealed are amply supported in law and fact; therefore, we must affirm.
Affirmed.
PEARSON, Judge (concurring specially).
I concur in the decision upon the basis that the following finding made by the trial judge as finder of fact is supported by competent evidence in the record:
* * * * * *
"The Court finds for the Defendant and against the Plaintiff on the issues involved. The testimony of the Plaintiff's only witness acknowledged that they had no records of an account between COPLAN PIPE and DADE PLUMBING, INC., to support the letter agreement of April 2, 1969 called an account stated upon which they rely, while, Mr. Weinberg, a Certified Public Accountant for the Trustee in the Federal Court Bankruptcy suit, testified that he had made an exhaustive study of the records of account between COPLAN PIPE, and as of March 31, 1969 $242,410.94 was owed by COPLAN PIPE to the Bankrupt, DADE PLUMBING, INC."
* * * * * *
NOTES
[1] Young v. Metropolitan Dade County, Fla. App. 1967, 201 So.2d 594, 596; Goldberg v. Russo, Fla.App. 1970, 233 So.2d 134.
[2] "68.06 Actions upon negotiable and other instruments; consideration, etc. "All bonds, notes, covenants, deeds, bills of exchange and other written instruments not under seal have the same force and effect (so far as the rules of pleading and evidence are concerned) as bonds and instruments under seal. The assignment or endorsement of any instrument vests the assignee or endorsee with the same rights, powers and capacities as were possessed by the asignor or endorser. The assignee or endorsee may bring action thereon. It is not necessary for the plaintiff in any action on an instrument assignable by law to allege the consideration on which the instrument was given or on which the assignment or endorsement was made nor to prove the consideration or the execution of the instrument, unless it is denied by the defendant under oath. An executor or administrator may deny the execution or consideration by answer not under oath."
[3] "§ 673.201 Transfer: right to indorsement

"(1) Transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course."
[4] "§ 673.208 Reacquisition

"Where an instrument is returned to or reacquired by a prior party he may cancel any indorsement which is not necessary to his title and reissue or further negotiate the instrument, but any intervening party is discharged as against the reacquiring party and subsequent holders not in due course and if his indorsement has been cancelled is discharged as against subsequent holders in due course as well."
[5] "§ 673.602 Effect of discharge against holder in due course

"No discharge of any party provided by this chapter is effective against a subsequent holder in due course unless he has notice thereof when he takes the instrument."
[6] "§ 673.304 Notice to purchaser

"(1) The purchaser has notice of the claim or defense if:
* * * * *
"(b) the purchaser has notice that the obligation of any party is voidable in whole or in part, or that all parties have been discharged."