PER CURIAM.
Defendant Vidi and his insurer appeal a final judgment for the plaintiff in an action for damages resulting from personal injury to a passenger in a small boat. The evidence established a prima facie case of negligence in the operation of the boat. Defendant Vidi was called as a witness by the plaintiff. The defendants had no further witness on the question of liability. The court directed a verdict for the plaintiff on that issue and submitted the question of damages to the jury.
The defendants claim that it was error to direct a verdict on liability because the evidence presented a jury issue of defendants’ negligence and plaintiff’s comparative negligence or assumption of the risk. The defendants do not claim, however, that there was additional evidence on the negligence issue to be presented. Rather, it is suggested that a jury could have found that defendant Vidi was not negligent. We find nothing in the record to support the submission of this issue to the jury.
It is next urged that a jury could have found that 'the plaintiff was negligent by failing to protect himself. However, such a conclusion by the jury would have been pure speculation. See the rule in Ephrem v. Phillips, Fla.App.1957, 99 So.2d 257 at 261. Appellants’ point urging assumption of the risk is not supported by the record. In addition, the point claiming error in trial procedure is not sustainable under the law set forth in Rogers v. Visionecring Concrete Construction Co., Fla.App.1963, 155 So.2d 163. Finally, the appellants’ point on the manifest weight of the evidence was not properly raised in the trial court and, therefore, is not appropriate for appellate review. See Paul v. Kanter, Fla.App.1963, 155 So.2d 402.
Affirmed.
NATHAN, J., dissents.