356 So.2d 1331 (1978)
Wayne KREMSER, Frank Kremser, and Frank J. Kremser, Jr., Appellants,
v.
Hadigher TONOKABONI, Appellee.
No. 76-1889.
District Court of Appeal of Florida, Third District.
April 4, 1978.
Clark & Livingstone, South Miami, for appellants.
Matt Weinstein, South Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
This appeal is taken by appellants/plaintiffs from a final order of dismissal entered pursuant to appellee/defendant's motion for involuntary dismissal in an action to foreclose a mortgage. In entering the above order, the chancellor found that (1) the mortgage sought to be foreclosed, executed by appellee to her niece's husband and assigned by the latter to appellants, lacked any consideration and was thus unenforceable, and that (2) by virtue of certain facts surrounding the transaction, appellants, as assignees, either knew or should have known of the lack of consideration and were therefore neither holders in due course nor bona fide purchasers of the instruments.
Briefly stated, the facts reveal that appellee's niece's husband, one David Stewart, *1332 sought financial help from appellee for the purchase of appellants' radiator business. Desirous of aiding Stewart and at his urging, appellee, a foreign born and educated woman with little or no business training or experience, attempted to borrow the necessary funds needed to purchase the business from local banks.
After various unsuccessful attempts to borrow the money, a plan was suggested, by either Stewart or appellants, whereby appellee would execute a note and mortgage on her home in favor of Stewart, in the sum of $20,000.00. The note and mortgage would then be assigned to appellants as security for the purchase of the business and would act in lieu of a cash down payment.
The actual execution of the documents by appellee occurred sometime later and under highly questionable circumstances. While on her way to the airport for a European vacation, appellee was driven by her niece to appellants' office. Within a period of less than five minutes, appellee was shown, for the first time, certain documents drawn by appellants' counsel. She was told to sign the documents, which were not explained to her but later identified as a note payable to Stewart in the sum of $20,000.00 secured by a mortgage on appellee's home, and was reassured by appellants that an attorney's presence was not needed.
The record clearly establishes the fact that appellee was neither aware of the kind of instrument she had signed nor knew of the legal effect of her signature on said documents. Rather, it was appellee's belief and understanding that her sole involvement in the transaction was to aid Stewart in establishing credit to purchase the business. At no time did appellee believe in the possibility that her signature on the note and mortgage would jeopardize her home through foreclosure proceedings.
Needless to say, Stewart failed to make payments on his obligation to appellants; the business was returned to appellants; and the latter instituted a foreclosure proceeding on appellee's home. At the conclusion of appellants' presentation of their case before the chancellor, upon motion, an involuntary dismissal against appellants was granted. As set forth at the outset, the chancellor was of the view that appellants had failed to establish a bona fide consideration for the mortgage and note at the inception and, having participated in the scheme, could not clothe themselves with bona fide purchaser or holder in due course status. A final order of dismissal was subsequently entered by the chancellor and this appeal follows.
The sole issue for our determination is whether there was consideration given for the note and mortgage as between appellee and Stewart. After carefully reviewing the record in light of the applicable principles of law, it is our opinion that no consideration was present.
As a general principle of law, a mortgage is not valid and binding unless founded upon a bona fide and sufficient consideration. Chaykin v. Kant, 327 So.2d 793 (Fla.3d DCA 1976); 22 Fla.Jur. Mortgages, § 63 (1958). If at the mortgagor's request, any detriment or loss is sustained by the mortgagee, or any advantage or benefit accrues to the mortgagor, there is sufficient consideration to support the mortgage. 55 Am.Jur.2d Mortgages, § 100 (1971). Sub judice, the mortgagee (Stewart) never suffered a detriment of any kind in that no funds were ever advanced to appellee, as mortgagor. Likewise, appellee did not receive a benefit from Stewart. In more palatable terms, the transaction suffered from a lack of consideration for the reason that, as between appellee (mortgagor) and Stewart (mortgagee) there was never a debt to be secured by the mortgage. There being no debt or obligation upon which the mortgage could rest, the mortgage could not have been foreclosed by Stewart and was thus unenforceable by him. Nelson v. Stockton Mortgage Company, 100 Fla. 1191, 130 So. 764 (1930); Schenck v. Taylor, 188 So.2d 356 (Fla.1st DCA 1966); Boyer, Florida Real Estate Transactions, § 32.08 (1977).
*1333 In addition, as found by the chancellor and clearly evidenced by the record, appellants were an integral part of the transaction and as such, could not be blessed with the virtues of "holder in due course" or "bona fide purchaser" status. Therefore, as assignees with knowledge (actual or imputed), appellants received only those rights and benefits available to their assignor, Stewart. Chandler v. Davis, 139 Fla. 469, 190 So. 873 (1939); Penn-Mar-Florida Corporation v. Deis, 118 Fla. 766, 160 So. 191 (1935); United of Florida, Inc. v. Illini Federal Savings & Loan Association, 341 So.2d 793 (Fla.2d DCA 1977); see also Marucci v. Linder, 177 So.2d 237 (Fla.2d DCA 1965) and Coplan Pipe and Supply Company v. Ben-Frieda Corporation, 256 So.2d 218 (Fla.3d DCA 1972). In that Stewart could not have enforced the note and mortgage, appellants, as assignees, were likewise barred from enforcement.
Notwithstanding the above, appellants, relying heavily upon the case of Layne v. Brown, 117 Fla. 87, 157 So. 185 (1934), contend that there was in fact consideration for the note and mortgage executed by appellee. In that case, a bank depositor transferred bank credit from her account to the account of an indebted bank president, receiving in return a mortgage given by the president's mother to the depositor as security. The Florida Supreme Court held that the transfer of bank credit was sufficient consideration for the mortgage.
While at first reading, the similarity of facts between the case at bar and Layne v. Brown, supra, might lead one to believe that the latter controls, however, after a careful analysis, several distinguishing features are present. First, in Layne, the mortgagor-mother received a "benefit" from the mortgagee-depositor, while the mortgagee-depositor was saddled with a detriment, to-wit: credit given to the mortgagor's son (benefit) and the parting of credit by the mortgagee (detriment). Second, the mortgage there was executed by the mortgagor directly to the mortgagee for the specific and knowing purpose of securing a loan. (Obviously, the court followed the general rule that consideration for a mortgage need not always move from the mortgagee to the mortgagor, but can be given to a third person at the direction of the mortgagor. See 22 Fla.Jur. Mortgages, § 63 [1958]).
Sub judice, however, as has been mentioned, appellee/mortgagor received no benefit from the mortgagee, nor did the mortgagee (Stewart) sustain a detriment. Unlike in Layne, no debt ever existed between the mortgagor and mortgagee. It is arguable that had appellee executed the note and mortgage directly to appellants, consideration for the instruments would have then existed, as a debt (detriment) would have then been created thereby; i.e., transfer of the business to appellee's nephew-in-law. Nevertheless, even assuming for the sake of argument that the note and mortgage had been executed directly in favor of appellants, given the facts of this case, we would still affirm the chancellor on the basis of the misrepresentations and unusual circumstances surrounding the transaction. McClure v. American Nat. Bank of Pensacola, 67 Fla. 32, 64 So. 427 (1914); see also Harrison v. Consumers Mortgage Company, 154 So.2d 194 (Fla.1st DCA 1963).
Accordingly, after carefully reviewing the record, briefs and argument of counsel, it is our opinion that the order of dismissal must be, and is hereby, affirmed.
Affirmed.