EMMA A. HOWARD, a widow, *Appellant,* vs. ADELE Y. GOODSPEED, a widow, *Appellee.*

Division B.

Opinion filed May 28, 1931.

*R. H. Seymour* and *H. H. Eyles,* of Miami, for Appellant.;

*Stapp, Gourley, Vining & Ward,* of Miami, for Appellee.

DAVIS, J.—The appellee assigned to the appellant two mortgages. The amended bill of complaint alleges that the two assignments of mortgage, altho appearing to be assignments absolute, were in fact given as security for the loan of $2500.00, and that said assignments were so accepted by Emma A. Howard, the appellant here, as security only. The bill further alleges that such transactions have occurred between the parties since said assignments, that

there should be an accounting between them and that upon an accounting being taken and the amount of moneys determined which have accrued to the appellant for the benefit of the appellee, that the appellant should be required to pay the appellee the balance found to be due her, and that if such amounts be not paid, according to the direction of the court, that the court should order a decree for the reimbursement of the complainant for the amounts found to be due her on said accounting.

The court below decreed an accounting and found that Emma A. Howard, who was a married woman at the time of the transactions, but a widow at the time of the decree, was indebted to the complainant, Adele Y. Goodspeed in the sum of $5,374.94, and that complainant was entitled to a money decree against the defendant, Emma A. Howard, for said amount. The court further found that the mortgages assigned had been satisfied, that the rights of third parties had intervened since the institution of the suit and denied a lien against the lands described in the mortgage which had been asked for by the complainant as a means for enforcing payment of the sum found to be due on the accounting.

Both parties complain of the decree entered and seek its reversal here upon assignments and cross assignments of error.

There would seem to be no doubt that an assignment of mortgage, though absolute in form, if given for the purpose or with the intention of securing the payment of money, is governed by the same regulations, restraints and powers as are recognized in relation to deeds of conveyance, bills of sale and other instruments of writing given for the purpose or with the intention of securing the payment of money. Section 5724 C.G.L., 3836 R.G.S.; Hull v. Burr, 50 So. 754, 58 Fla. 432.

An assignment of mortgage, absolute in form, may be shown by parol evidence not to be a sale, but only collateral security for a loan of money, to the same extent that a deed of conveyance, absolute in form, may be shown by parol evidence not to have been a conveyance, but security only for the repayment of a sum of money. Jones on Mortgages (8th Ed.) par. 407, page 508. Upon a like principle transfer of a life insurance policy as security for a debt has been treated as subject to redemption. Pittman vs. Milton, 69 Fla. 304; 68 So. 658.

The rule is well established that where a conveyance of property is absolute upon its face, the burden of showing that it was, when executed, intended to be a mortgage to secure the payment of money is upon the grantor. Elliott v. Conner, 63 Fla. 408, 58 So. 241.

But as was said in that case:

"If there be a doubt as to the real purpose for which the deed was executed by Mrs. Connor, and therefore uncertainty as to whether it is a conveyance or a mortgage, the instrument under the circumstances of this case should pursuant to the statute be deemed and held a mortgage, since the payment of all of C. E. Conner's indebtedness to Elliott would apparently do complete justice to Elliott, and Mrs. Conner should have the benefit of her own property after the indebtedness she desired to secure is paid in full."

In the case of Pittman v. Milton, *supra*, it was stated in the twelfth head note:

"If there be a reasonable doubt as to whether a transfer of property is a mortgage or an absolute assignment, the doubt should be resolved in favor of its being a mortgage, when there was an existing debt."

From the record in this case it is gleaned that prior to the transaction involved in this suit, Mrs. Goodspeed, the

appellee, and Mrs. Howard, the appellant, had become acquainted and had had business dealings with each other; the appellee had purchased from the appellant a certain piece of property for which she paid a cash consideration and gave back to Mrs. Howard a $5500.00 purchase money mortgage to secure the balance due. Later she paid $3,-500.00 on this mortgage, which left $2000.00 of it unpaid. About the time the $3500.00 payment was made, appellee contends she negotiated with the appellant for the purpose of procuring a loan of $2500.00, and that shortly thereafter appellant did let appellee have $2500.00 in cash, where-upon the appellee assigned to her the two mortgages in dispute, one securing an indebtedness of $2000.00 and the other securing an indebtedness of $7000.00. Subsequently, an additional sum of $1000.00 was received by the appellee from the appellant. Thereafter appellee received from the appellant a satisfaction for the $2000.00 due on the first mentioned mortgage. As a result of all these transactions it is contended that appellant received an assignment of mortgages for a total of $9,000.00 as security for the payment of a total debt of $5500.00 which represented money appellee had obtained from the appellant by assigning her the two mortgages collaterally, although absolute in form.

The contention also made is that since the debt was not paid by appellee to appellant, and appellant has collected the two mortgages which were assigned to her as security that she should have credited to appellee the surplus, after deducting the amounts of indebtedness due. Opposed to this is the positive denial of the appellant that the two mortgages were ever collaterally assigned, and the assertion that they were sold to her outright. Appellant insists that when appellee assigned the mortgages,

that she was thereafter to have no further interest in them.

The appellant, as holder of absolute assignments of the two mortgages in question, obtained title in herself to the land covered by the $2000.00 mortgage while her husband obtained title to the land covered by the $7000.00 mortgage and both mortgages were satisfied of record. One of the objects of the bill of complaint was to have these two mortgages foreclosed and the proceeds paid to complainant after paying the indebtedness due to the defendant, but the court denied this in its final decree, and simply entered a money judgment against the appellant for the amounts found to be due by her to the appellee.

The evidence was conflicting and both the master and the chancellor found against the appellant on the facts. The onus rests upon the appellant to establish to the satisfaction of the appellate court that the holding and decree of the court below adverse to her contention is erroneous. This burden in our opinion she has failed to meet, so the finding of the chancellor as to the nature of the transaction must be sustained. Mitchell v. Mason, 65 Fla. 208, 61 So. 579.

By cross assignments of error the appellee contends that since the appellant, as pledgee, wrongfully and in violation of the trust reposed in her, converted the securities, benefiting thereby her separate statutory property, that she should be held liable in this suit for the implied purchase or the wrongful acquisition of the appellee's property for the benefit of her separate statutory estate. It is urged that because she was a married woman, she should not be allowed to fraudulently acquire property and then hide behind a married woman's rights so as to prevent redress for the wrong she has committed.

The theory of complainant's case as made by the bill was a suit to declare mortgage assignments absolute on their face, to be collateral security and to subject the property to the lien of the mortgages, not a bill to subject the property of a married woman to the payment of the purchase price of property purchased by her.

The complainant contended and the court held over the opposition of the defendant that appellant Emma A. Howard did *not* purchase the assignments from appellee Adele Y. Goodspeed, and therefore any relief predicated on the theory of such purchase was properly denied. Whether complainant acquired a lien against Mrs. Howard's property on the theory that trust funds represented by the moneys she was found due to pay over because they were merged into her estate and could therefore be followed into her estate, is not presented and need not be decided here.

The decree appealed from is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, JJ., concur in the opinion and judgment.