W. D. CHANDLER v. IDA M. DAVIS, a Widow.

190 So. 873
Division A
Opinion Filed July 25, 1939
Rehearing Denied September 15, 1939

*Robert J. Davis,* for Appellant;

*John W. Whelan,* for Appellee.

BUFORD, J.—Appeal brings for review final decree of foreclosure of mortgage proceedings in favor of complainant.

Mortgage was executed by Coleman and wife to com-

plaintant Ida M. Davis, a widow, on May 29, 1926, to secure a note for the sum of $10,000.00 payable one year from date, to-wit: on the 29th day of May, 1927.

On September 3, 1926, mortgagee assigned the note and mortgage to George F. Van Nest. Note and mortgage were not delivered to Van Nest but the assignment was by written instrument, which assignment was recorded in the records of the office of the clerk of the Circuit Court of Broward County, Florida.

On September 22, George F. Van Nest reassigned the note and mortgage to complainant by written instrument. This reassignment was not recorded but assignee, the original mortgagee, held the note, mortgage and reassignment.

On August 1, 1935, George F. Van Nest pretended to assign the note and mortgage then long past due and unpaid to W. D. Chandler by written assignment, which assignment was recorded in the public records of Broward County, Florida, on the 13th day of December, 1935. Note and mortgage were not delivered by Van Nest to Chandler for the obvious reason that Van Nest had never had possession of same and, therefore, Chandler never had possession of same.

On these factual conditions decree was entered in favor of complainant and Chandler took appeal.

Appellant says there are three questions involved, as follows:

"1. Where the public records show a mortgage has been assigned and transferred from the original mortgagee to another, will one who purchases from mortgagee's assignee be protected against a claim from said mortgagee that the mortgage and notes were never in fact delivered by mortgagee to her assignee?

"2. Where one purchases a mortgage and notes from the record owner thereof, who is shown to have acquired the mortgage and notes by assignment from the mortgagee, and said assignee makes an affidavit that said mortgage and notes are lost or destroyed, will the original mortgagee be estopped to assert a claim of ownership of said mortgage?

"3. Does one who deals with the record owner acquire title to a mortgage and notes as against a mortgagee who executes and places of record an assignment of mortgage but retains possession of the notes and mortgage?"

We do not consider either question as presenting the controlling legal principle presented here.

The only question necessary to be determined is whether or not one who takes assignment of note and mortgage after maturity acquires any rights superior to or different from such rights as were at the time of the assignment enjoyed by or vested in the assignor.

In 41 C. J., page 690, paragraph 710, it is said:

"Generally speaking, an assignee of a mortgage has all the rights thereunder that his assignor had, but no other or greater rights; and he cannot be divested of his rights by unauthorized subsequent dealings between the original parties to the mortgage."

And in the same volume, page 697, Section 718, it is said:

"An assignee taking a mortgage after the debt secured is overdue is not protected under the doctrine of bona fide purchase, but he takes the mortgage subject to all equities and defenses which would have been available against it in the hands of the mortgagee; and this is true, although the obligation secured by the mortgage is a negotiable one."

In Marion Mortgage Co. v. Grennan, *et al.*, 106 Fla. 913, 143 Sou. 761, we said:

"It is also a well recognized rule that where an estoppel is operative as between the original parties to the transaction it is also effective as to their *privies in contract;* and one who becomes a creditor of the party estopped after the estoppel arises, is likewise concluded thereby. 10 R. C. L. 837; 2 Pomeroy's Equity Jurisprudence (3d Ed.), Section 804. As a general rule an assignee of a mortgage has all the rights thereunder that his assignor had but no other or greater right, and this is especially true if the assignment is made after maturity of the debt secured."

In Haughey & Haughey v. Heaney, 89 Fla. 102, 103 Sou. 400, we held:

"When a promissory note is transferred and assigned by the payee to another by a separate written instrument after maturity the purchaser takes the note subject to whatever equities the maker thereof has against the original payee in respect of the same."

In Coffin v. Talbot, 110 Fla. 131, 148 Sou. 184, we held:

"In action by endorsee on negotiable note acquired after maturity, anything rendering note invalid or constituting bar to action, as distinguished from anything constituting admission of plaintiff's right of action and title to money, but seeking to defeat recovery by establishing liability to defendant on his part, may be shown under general issue."

In Garrett v. Fernauld, 63 Fla. 434, 57 Sou. 671, it was held:

"An assignment of a mortgage lien is not a 'conveyance' or a 'transfer' of 'any interest' in land covered by the mortgage, but is only an assignment or transfer of the lien created by the mortgage; and the recording statute as first above quoted is not applicable. When the purchaser of land undertook to pay off the mortgage indebtedness thereon without having the note surrendered to him he thereby

left the note outstanding with the mortgage as an incident thereto."

We hold that when Van Nest executed the assignment to Chandler after maturity and after he had reassigned the note and mortgage to the original mortgagee and without the delivery of either the note or mortgage to Chandler, Chandler took subject to the reassignment of the note and mortgage by Van Nest to Ida M. Davis prior to the maturity. That at the time of the pretended assignment by Van Nest to Chandler Van Nest had no right, title or interest in the note or the mortgage and as the assignment to Chandler was made after maturity and was not accompanied by delivery of either the note or the mortgage, Chandler acquired no other or greater right in the note or mortgage than was at the time vested in Van Nest.

Therefore, Chandler by the purported assignment from Van Nest acquired no right, title or interest in the note or mortgage.

The decree is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.