EFFIE M. HULET, a widow, Appellant, v. HELEN M. DENISON, a widow, ARTHUR H. BIÉ and JENNIE BIE, his wife, Appellees.

1 So. (2nd) 467

En Banc

Opinion Filed March 25, 1941

Rehearing Denied April 24, 1941

*Earnest, Lewis & Smith,* for Appellant;

*Gedney, Johnston & Lilienthal,* for Appellee.

PER CURIAM.—The record in this case shows that on October 13, 1926, R. C. Denison and wife, Helen M. Denison, being the owners of two certain lots in the townsite of Lucerne, now Lake Worth, executed and delivered a mortgage to Frank Hulet securing two notes in the sum of $1500.00 each, one payable one year after date and the other payable two years after date.

On January 7, 1928, Hulet assigned the mortgage to First Bank & Trust Company of Lake Worth but he did not deliver either the mortgage or the notes which it secured to the bank.

Thereafter the First Bank & Trust Company of Lake Worth became insolvent and a liquidator took charge of the bank to close up its affairs.

On March 6, 1936, the liquidator, pursuant to authority from the circuit court, sold and assigned the mortgage to one C. R. Ryler. On August 11, 1938, Ryler assigned the mortgage to Palm Beach Fayette Corporation. On May 10, 1939, Palm Beach Fayette Corporation executed a satisfaction of the mortgage to R. C. Denison and Helen M. Denison. The several assignments were duly recorded and the assignment from First Bank & Trust Company of Lake Worth by the liquidator to Ryler and the assignment from Ryler to Palm Beach Fayette Corporation were made without recourse. When the satisfaction of mortgage was executed to Denison and wife it was filed of record and at the same time, Mr. Denison having died, Mrs. Denison conveyed the property to Arthur H. Bie and Jennie Bie, his wife. A few days after the Bies acquired the property Effie M. Hulet, widow of Frank Hulet, filed suit to foreclose the mortgage, alleging that the mortgage and notes had been transferred and assigned to her by Frank Hulet in his lifetime, and that she and her husband had been in

possession of the notes and mortgage since execution and delivery thereof and had never delivered the same with any assignment of the mortgage. She also alleged that the assignment made by Hulet to the First Bank & Trust Company of Lake Worth was for and as collateral to secure a debt owed by Hulet to the assignee and that such debt was paid and discharged by Hulet during his lifetime and prior to the failure of the bank, and that the assignments from the liquidator to Ryler and from Ryler to Palm Beach Fayette Corporation were made long after maturity.

It is well settled that one who takes an assignment of notes and mortgage after maturity takes the same subject to all defenses that may have been interposed against a holder in due course prior to maturity.

It, therefore, follows that neither Ryler nor Palm Beach Fayette Corporation acquired any rights or title greater or better than that held by the First Bank & Trust Company of Lake Worth after Hulet had discharged the obligation for which the assignment from him to the bank was made as collateral security.

Under these conditions a satisfaction of the mortgage made by Palm Beach Fayette Corporation can have no more force and effect than would have a satisfaction from First Bank & Trust Company of Lake Worth made after the discharge of the debt which the assignment was given to secure.

Section 3841 R. G. S., 5744 C. G. L., provides: "Assignment not effectual against creditors unless recorded.—No assignment of a mortgage upon real property or of any interest therein, shall be good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the same be recorded according to law."

This section does not mean, however, that the mere

recording of an assignment of mortgage establishes . the right of the assignee to execute a valid satisfaction of the mortgage.

The question here, however, is not controlled by the provisions of that statute because the defendants, Bie and wife, cannot be held to be purchasers without notice. They were on actual notice that the holder of the notes and mortgage could assert any claim against Palm Beach Fayette Corporation which such holder could have asserted against First Bank & Trust Company of Lake Worth. They had actual notice that their assignor had never had possession of either the mortgage or the notes which it secured. They had actual notice that the sale and assignment was made by the liquidator of the defunct bank long after maturity and without recourse. They, therefore, were on such actual notice as would put reasonable and prudent men on inquiry.

. It is apparent that any diligent inquiry would have developed the fact that the mortgage and notes were at the time the lands were purchased by Bie and wife in the possession and under the control of the widow of the payee of the notes and mortgage; that she claimed title thereto and that the debt to the First Bank & Trust Company of Lake Worth from Hulet, which the assignment of the mortgage was given to secure, had been discharged and that a suit instituted by the bank to enforce the payment of the obligation which this assignment was given to secure had resulted in a decree in favor of Hulet, the assignor, prior to his death.

It is well settled that an assignment of mortgage absolute in form may be shown by parol evidence to be only collateral security. Howard v. Goodspeed, 101 Fla. 699, 135 Sou. 294.

"An assignee is not protected against the equities of third persons if the assignment was taken without consideration

or after maturity of the debt secured." Jones on Mortgages, Sec. 1069.

"As a general rule an assignee of a mortgage has all the rights thereunder that his assignor had but no other or greater right and this is especially true if the assignment is made after maturity of the debt secured." Fla. Landholding Corporation v. McMillan, 135 Fla. 431, 186 Sou. 188.

Section 3841 R. G. S., 5744 C. G. L., quoted *supra,* was Section 1 of Chapter 6909, Acts of 1915. The case of Chandler v. Davis, 139 Fla. 469, 190 Sou. 873, was decided here on July 25, 1939. In that case we held:

"An assignee taking a mortgage after debt secured is overdue is not protceted under doctrine of bona fide purchase, but he takes the mortgage subject to all equities and defenses which would have been available against it in hands of mortgagee, even though obligation secured by mortgage is a negotiable one.

"A mortgagee who by a recorded written instrument assigned a note and mortgage without delivering possession thereof, and who before maturity of mortgage received an unrecorded written reassignment of note and mortgage, was the owner of note and mortgage as against one who received a recorded written assignment of note and mortgage from mortgagee's assignee after maturity and after reassignment of mortgage."

The authorities cited in that opinion in support of the enunciation above stated, we think, control in the instant case because if Palm Beach Fayette Corporation was not vested with such title and interest in the mortgage as would give it the right to foreclose and enforce the payment of the mortgage it had no such interest as would authorize it to discharge and satisfy the mortgage. We do not recognize this as one of those cases where one of two innocent

484

people must suffer and, therefore, that Effie M. Hulet must bear the burden because she failed to record the assignment of the notes and mortgage.

The decree should be reversed and the cause remanded for further proceedings.

It is so ordered.

WHITFIELD, TERRELL, BUFORD and ADAMS, J. J., concur.

BROWN, C. J., CHAPMAN and THOMAS, J. J., dissent.