METTA KARN, a Single Woman, v. NINA E. B. MUNROE, a Widow, et als.

6 So. (2nd) 529                              Division B
February 27, 1942

Carey & Harrison, for appellant.

Jefferson D. Stephens, for Appellee Pinellas Lumber Company, and Weaver-Loughridge Lumber Company, Inc., and Thomas J. Collins, Keen & Allen, and A. Frank O'Kelley, Jr., for Appellee R. P. Saltsman, as Trustee of the Florida assets of the Estate of E. M. S. McKee, deceased.

THOMAS, J.:

Metta Karn, plaintiff in the court below and appellant here, brought a suit against various defendants, among them H. H. Victory and his wife and the trustee under the last will and testament of E. M. S. McKee, to foreclose tax certificates issued in 1932 and 1933, subsequently coming into her possession, and to recover money paid for outstanding taxes and for discharge of liens for special benefits. It was alleged that the legal title to the property was vested in McKee at the time of his death and that was the

reason for joining as a party defendant the trustee under his will. - H. H. Victory and his wife were made parties because of an interest claimed by the latter in a mortgage originally given to Nina E. B. Monroe and assigned by her.

The complainant asserted in her bill that she paid all subsequent state, county and municipal taxes and "special assessment liens" levied by the city in which the property was situated. She prayed that all amounts "found to be due" be declared a first lien on the property and that in default of their payment the property be sold to satisfy the debt.

After testimony was taken a final decree was eventually entered finding that there was due the appellant "as the nominal and use plaintiff herein acting for H. H. Victory" the sums due for the certificates and subsequent taxes, state, county and municipal, together with costs. The conclusion that Victory was the real party in interest is evident from the record.

The final decree is challenged because no provision was made in it for the reimbursement of the plaintiff in the sum of approximately five hundred dollars paid in cash settlement of liens totalling more than eight hundred dollars in favor of the city for the construction of sewers.

It is appellant's position that recovery of the amount paid to discharge the improvement liens is justified under the equitable doctrine of subrogation, while in reply it is urged by her adversaries that there was no need for this payment by the holder of the tax certificates because the improvement liens were subordinate to the tax lien, City of Sanford v. Dial, 104 Fla. 1, 142 So. 233, and that therefore this action

on the part of the tax certificate holder was the act of a volunteer or intermeddler and no reimbursement could be effected.

We are inclined to agree with the latter view because we know of no authority which would sanction the payment of the inferior lines and inclusion of them in the amount required to redeem the property in the foreclosure suit. We are unaware of any liability on the part of the tax certificate holder to pay the liens or of any necessity to do so, for the protection of his rights or his investment.

In his final decree the chancellor found that the defendant, H. H. Victory, and the appellant, Metta Karn, were guilty of fraud which conclusion we understand was based upon the evidence of the payment of the improvement liens we have discussed, the purchase by Victory for his wife of an interest in a certain mortgage originally given to Nina E. B. Munroe and the general manner of instituting and conducting the litigation.

From our examination of the record and the amount secured by the mortgage mentioned was fifteen thousand dollars and a five-sixths interest in it was purchased by Victory for thirty-five hundred dollars. The original encumbrance covered the property involved in this suit and lands situated elsewhere. The interest in it bought by Victory was calculated to be that part of the total indebtedness apportioned to the property in controversy. The entire mortgage had been transferred by Nina E. B. Munroe to E. M. S. McKee by a purported assignment bearing the date of April 27, 1928, while the partial interest was assigned by the same mortgagee to the wife of Victory, Febru-

ary 16, 1935. The chancellor found that the title was vested in E. M. S. McKee, assignee of the mortgage.

The assignments were recorded in inverse order of execution but at the trial the notes secured by the mortgage were introduced on behalf of the defendant, Harriet L. Victory. Evidently the assignment to her was valid because she had possession of the notes. Chandler v. Davis, 139 Fla. 469, 190 So. 873.

It was charged in the answers of three of the defendants that fraud was committed by the defendant Victory and the chancellor observed in the decree that he had "schemed in an unconsionable manner to build up by expenditure not necessary to the protection of said tax sale certificates, such enormous claims for his personal benefit as to preclude the owners of the property involved from equitably, and fairly protecting their said property . . . ." Our construction of this conclusion of the chancellor is that he felt Victory had shown fraud when he paid the special improvement lien and purchased for his wife the interest in the mortgage because this would increase the amount required to be paid by the defendants in order to redeem.

We do not find in the actions of Victory the elements of fraud. He may be chargeable with irregularity in the manner in which the litigation was prosecuted but his conduct can hardly be designated fraudulent.

Appellees insist that there is no need for consideration of the validity of the mortgage because no effort is being made in the suit toward its foreclosure and that a decree for the plaintiff would eliminate it. This is the first impression but in the answers direct attacks were made on the mortgage and its effect

on the rights of the defendants. As we understand their position the practicability of redeeming if the mortgage is valid and the right of the assignee to participate in any surplus over the amount necessary to discharge plaintiff's claim are necessarily influenced by the status of the mortgage of Harriet L. Victory. In other words, if the assignment to Victory's wife is valid it will give her and her husband a distinct advantage over other bidders and at the time of the confirmation of the sale or the entry of an order on disbursements she can well claim a surplus. The consideration of this feature of the controversy seems entirely justified in view of the charge of fraud in the answers and the failure on the part of the appellant to attack them, and what we have said with reference to the activities on the part of the Victorys is appropriate to the conclusion reached by the chancellor as we understand it. Ordinarily, if the holder of a junior lien is made a party to the foreclosure suit he has the right to redeem and it is not necessary to adjudicate the validity of his claim in the suit but the circumstances in this case, bearing in mind the state of the pleading and the decree of the chancellor, seem to justify an examination by us of the validity of the mortgage held by the defendant, wife of the defendant Victory, who is the real party in whose name the appellant, Metta Karn, brought the suit.

It is our view that the final decree should be reversed so far as it decreed the invalidity of the assignment of mortgage to Harriet L. Victory and the commission of fraud on the part of the appellant and the defendant, H. H. Victory, and that in all other respects it should be affirmed.

It is so ordered.

BROWN, C. J., TERRELL, and CHAPMAN, JJ., concur.