CARROLL, Judge.
The appellant seeks reversal of a mortgage foreclosure decree. The mortgage was given to secure an indebtedness of $5,000. The mortgagee, Anna Macho, assigned the mortgage to one Cecelia Kasov to secure a $2,000 obligation owed by the mortgagee to the assignee. The assignment of mortgage was duly recorded. After the $2,000 obligation for which the mortgage was assigned had been paid, and while a substantial part of the original mortgage indebtedness remained unpaid, with no reassignment of the mortgage having been made to the mortgagee, appellant purchased the property, in connection with which the purchaser-appellant obtained from the assignee a satisfaction of the mortgage. Later the mortgagee filed this suit for foreclosure of the mortgage, alleging default in payment, and a summary final decree of foreclosure resulted in favor of the plaintiff-mortgagee.
On appeal the defendant-owner contends, first, that the satisfaction obtained from the assignee operated to extinguish the mortgage ; second, that there was a triable issue of fact as to whether appellant had notice that the assignment was for security; and third, that it was error to include in the decree a judgment against the defendants for the mortgage indebtedness, attorney’s fees and costs. We hold that the first and second contentions of the appellant are with *681 out merit. Appellant’s third contention is meritorious and requires a modification of the decree.
 The recorded assignment of mortgage recited that it was given as security. The fact that in purchasing the property the appellant relied on an abstract of title which listed the assignment without showing its expressed character as collateral, could not serve to insulate appellant from the notice thereof which the public record supplied. The recorded assignment gave notice the assignment was for security, and inquiry thereby reasonably prompted would have revealed to the prospective purchaser that the debt secured by the assignment had been discharged and that the original mortgage debt remained unpaid. See Zaucha v. Town of Medley, Fla.1953, 66 So.2d 238, 240, and cases cited there. Satisfaction of the unpaid mortgage, by the person to whom it had been assigned as security, did not terminate the mortgagee’s rights therein. Hulet v. Denison, 146 Fla. 478, 1 So.2d 467. By reason of the foregoing, the claimed issue as to whether appellant, on purchasing the property, had actual knowledge that the assignment was for security and that the debt secured by the assignment had been paid, if such issue existed, was not material.
The final decree, by paragraph num-her 2, granted judgment against the defendants for the amounts due under the mortgage.[1] Inclusion of such judgment in the mortgage foreclosure decree is not proper. Accordingly the decree is modified by striking therefrom paragraph “2”, which granted personal judgment against the defendants, and by substituting therefor a paragraph as follows:
“2. There is due and owing to the plaintiff, on the note and mortgage declared upon, $4,157.95 representing the unpaid principal and interest thereon to January 21, 1965, plus $900.00 attorney fees and $148.19 costs, making a total of $5,206.14.”
As thus modified the decree is affirmed.

. Paragraph 2 of the decree read as follows: “2. Plaintiff shall have and recover of and from Defendants or any of them the sum of Four Thousand One Hundred Fifty Seven Dollars and Nine-' ty Five Cents ($4,157.95), representing the unpaid principal balance of Plaintiff’s mortgage together with interest thereon to January 21, 1965. Plaintiff shall also have and recover of and from the Defendants or any of them Plaintiff’s attorney’s fees herein expended in the amount of $148.19, malting a total of $5,206.14 due to the Plaintiff, Anna Macho.”