314 So.2d 609 (1975)
Virginia BARR, Appellant,
v.
Howard J. SCHLARB and Ellender Schlarb, Appellees.
No. W-349.
District Court of Appeal of Florida, First District.
June 23, 1975.
*610 James W. Grimsley, Smith, Grimsley, Barron & Remington, Fort Walton Beach, for appellant.
Robert B. Staats, Staats & Nabors, Panama City for appellees.
BOYER, Acting Chief Judge.
Appellant, defendant below, appeals a final judgment by which a certain instrument, which on its face purported to be a warranty deed, was construed to be a mortgage.
The relevant facts, as gleaned from the record, are as follows: Appellees, in 1967, agreed to purchase a five acre tract of land in Bay County for $4,200. Appellant, an attorney whom appellees had known for approximately one year prior to this time, learned that appellees did not have the necessary funds to complete the transaction. According to the appellees, the appellant volunteered to loan them the money necessary to purchase the property which amounted to one-half of the purchase price. Appellant's version of the incident which ultimately led to this lawsuit, is that she never told the appellees that she would loan them the money, but instead, stated that she would buy a one-half interest in the property. With the necessary funds now available to them, appellees completed the real estate transaction and received a deed conveying to them the entire interest in the five acres in question. Shortly thereafter, according to the appellees, they met the appellant at her office where she requested them to sign a document which was in blank and which, after the parties signed, was not properly witnessed nor notarized. Again, appellant disputes this account of the event, stating that the deed was not in blank when signed. At trial, however, only one witness to the purported deed testified. The other witness, a former secretary in appellant's law office, had permanently removed herself from the area.
We begin our analysis of the foregoing factual situation by noting that there is a "strong presumption in favor of the correctness of deeds and other instruments as written and executed... ." (Howell v. Fiore, Fla.App.2d 1968, 210 So.2d 253, 256) No proposition could be more logical than that an instrument is what it says it is and appears to be.
Notwithstanding the strong presumption in favor of the correctness of deeds and other official documents, courts cannot lose sight of the fact that it is the intention of the parties which governs the interpretation of a document. See 10 Fla. Jur., "Deeds", Section 115 and cases cited therein. Moreover, the legislature has recognized that, where the parties so intend, an instrument may be construed to be a mortgage although appearing to be otherwise *611 on its face. In F.S. 697.01, the legislature has provided:
"All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."
Florida courts have liberally interpreted the foregoing statute. (Torreyson v. Dutton, Sup.Ct. Fla. 1940, 145 Fla. 169, 198 So. 796) When in doubt, courts have leaned in favor of construing the deed as a mortgage and have taken into consideration the entire transaction and circumstances in addition to the agreement and instrument of conveyance itself. (McLendon v. Davis, Fla.App.3rd 1961, 131 So.2d 765) Although it is the grantor who has the initial burden of proof in showing that a conveyance of property that is absolute on its face was intended to be a mortgage when executed (Howard v. Goodspeed, Sup.Ct. Fla. 1931, 101 Fla. 699, 135 So. 294), the grantor satisfies this burden by meeting the preponderance of evidence test. (Marcus v. Hull, 1940, 142 Fla. 306, 195 So. 170)
Sub judice, the trial court determined, as best he could, the true intent of the parties. Intent, which is a question of fact, is to be determined from all of the evidence. In view of the peculiar circumstances of this case and the conflicting testimony involved, we take notice that the trial judge had the advantage of viewing the witnesses and determining their credibility firsthand. The state of the record is such that we determine that the trial judge's conclusions should not be disturbed.
Although appellant objects to the trial court's finding that there was only one proven witness to the deed, it is clear from an examination of the trial transcript and the final judgment in this case that the lower court did not rely exclusively or even primarily on the aforementioned finding of fact. Indeed, it is a determination of the intent of the parties that is the decisive issue in this case; not a finding that there was only one proven witness to the deed. The record supports the trial court's resolution of that issue.
Accordingly, the decision of the lower court is
Affirmed.
MILLS, J., and TENCH, BENJAMIN M., Associate Judge, concur.