GERSTEN, C.J.
Kathy L. Knowles (“Knowles”) appeals an adverse final judgment quieting title to real property. We reverse and remand.
In this case, Knowles agreed to help her niece, Phylesia Mintz (“Mintz”), save her house from a judicially-ordered foreclosure sale. In order to obtain $90,000 to pay off the foreclosure, Knowles took out a mortgage on her own home. In return, Mintz promised to pay Knowles’ new mortgage payment directly to Knowles’ mortgage company.
By agreement, Mintz transferred her house to Knowles by quitclaim deed, and Mintz continued to live in the house. By further agreement, Knowles would convey the property back to Mintz if she repaid the $90,000 within a few years.
Later, Mintz stopped paying the monthly payment and forged a quitclaim deed from Knowles back to her. Mintz then sold the home to Richard and Sabrina Edwards (“the Edwards”). Thereafter, Knowles discovered that Mintz stopped making payments and that the Edwards occupied the house.
Knowles sued to quiet title to the property. Mintz answered the complaint, admitting that she transferred the property by quitclaim deed to Knowles in good faith. A two-day bench trial centered on the Edwards’ claim that Mintz’s quitclaim deed to Knowles was intended as a mortgage. Mintz, however, did not testify at trial as she had fled to Georgia.
The only competent testimony concerning Knowles’ and Mintz’s agreement came from Knowles. Knowles testified that when she re-mortgaged her home, in order to obtain the funds to purchase Mintz’s home, she intended to own Mintz’s house. The trial judge entered a final judgment devoid of any findings of fact or conclusions of law, determining that the Edwards were the rightful owners. Knowles appealed.
On appeal, Knowles asserts that she is the rightful owner of the property because the parties intended Mintz’s property conveyance to be a sale with Mintz’s right to repurchase upon repaying the $90,000. On the other hand, the Edwards contend that they are the rightful owners because the transaction between Mintz and Knowles was a loan, which does not convey title to Knowles. We agree with Knowles and reverse.
Here, the sole issue rests on the nature of the conveyance. To determine whether any particular transaction amounts to a mortgage or to a sale with a contract of repurchase, the court will look at the circumstances underlying the transaction. See Pineapple Orange Co. v. White, 113 Fla. 774, 152 So. 863, 864 (1934). A court also considers the parties’ real intentions. See Blanco v. Novoa, 854 So.2d 672, 674 (Fla. 3d DCA 2003); McLendon v. Davis, 131 So.2d 765, 767 (Fla. 3d DCA 1961).
Here, there was no competent substantial evidence that the conveyance from Mintz to Knowles by a quitclaim deed was a loan. On the contrary, the only competent substantial evidence was that this transaction was a sale of property.
Another important uncontested fact is that Mintz forged a quitclaim deed transferring the property back to her. This forged deed is evidence that Mintz believed she sold the property to Knowles. A forged deed is absolutely void and wholly ineffectual to pass title. See Moore v. Smith-Snagg, 793 So.2d 1000, 1002 (Fla. 5th DCA 2001). Therefore, any conveyances occurring after the forgery are void. See Moore, 793 So.2d at 1002.
*257 Further, “where a conveyance of property is absolute upon its face, the burden of showing that it was, when executed, intended to be a mortgage to secure the payment of the money, is upon the grant- or.” Howard v. Goodspeed, 101 Fla. 699, 135 So. 294, 295 (1931); Barr v. Schlarb, 314 So.2d 609, 611 (Fla. 1st DCA 1975). Here, Mintz and Knowles executed a quitclaim deed to transfer the property, which is absolute on its face. Mintz failed to show that she intended the quitclaim deed as a mortgage.
Accordingly, we reverse and remand with instructions to the trial court to enter judgment in favor of Knowles.
Reversed and remanded.