[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13718
_____

D.C. Docket No. 2:11-cv-14342-DLG

MICHAEL KOSTELAC,
TRACIE KOSTELAC,
as assignees of Remos Aircraft, GmbH
and Remos Aircraft, Inc.,
REMOS AIRCRAFT, GMBH,
REMOS AIRCRAFT, INC.,

Plaintiffs - Appellants,

versus

ALLIANZ GLOBAL CORPORATE & SPECIALTY AG,
HOWARD A. TESCHER,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2013)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

## I.

This is a breach of contract action brought by Michael and Tracie Kostelac, citizens of Virginia, against Allianz Global Corporate & Specialty AG ("Allianz Global"), a German insurance company.

Remos Aircraft GmbH ("Remos Germany") is a manufacturer of sport aircraft. Remos Aircraft, Inc. ("Remos USA") is the United States distributor for Remos Germany. Together they manufacture and distribute the Remos GX aircraft. On January 25, 2009, a Remos GX crashed in Florida and seriously injured Michael Kostelac. The Kostelacs sued Remos Germany and Remos USA for damages sustained from the accident in the United States District Court for the Southern District of Florida, No. 10-14062 (S.D. Fla. 2009).

Remos Germany and Remos USA (collectively, "Remos") are co-insureds under an Aviation Product Liability insurance policy issued by Allianz Global. The insurance policy was formed in Germany and is in German. After Remos gave Allianz Global notice of the Kostelacs' suit and demanded that it provide for Remos's defense, Allianz Global denied coverage under the insurance policy.

Because Allianz Global refused to cover Remos, the Kostelacs and Remos settled the underlying action and entered into a consent judgment in which Remos

2

admitted liability to the claims brought in the suit and agreed that the value of the damages sustained by the Kostelacs was $2,950,000.  Remos also assigned all rights and interest under its insurance policy to the Kostelacs.  In exchange, the Kostelacs agreed not to enforce their damages award against Remos.[1]

The Kostelacs, as Remos's assignees, filed suit against Allianz Global for breach of contract based on its denial of coverage for the crash in Florida state court.  Allianz Global removed the suit based on diversity of citizenship to the United States District Court for the Southern District of Florida, where it filed a timely motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) on two grounds: (1) for improper venue based on a forum-selection clause in the insurance policy; and (2) under the doctrine of *forum non conveniens*.

The District Court did not address Allianz Global's forum-selection clause ground.  Instead, it weighed the public and private interests in the litigation, determined that Germany was a more appropriate forum for the suit, and then dismissed the case under the doctrine of *forum non conveniens*.

---

[1] This type of settlement agreement is known as a Coblentz agreement.  Where an insurer has wrongfully refused to defend its insured and there is coverage under the policy, the insurer may be bound by the terms of a negotiated final consent judgment entered against its insured. *See Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059, 1063 (5th Cir. 1969) ("[W]here a person is responsible over to another, either by operation of law or express contract, and he is duly notified of the pendency of the suit against the person to whom he is liable over, and full opportunity is afforded him to defend the action, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he appeared or not.") (internal quotation marks omitted).

The Kostelacs appeal the dismissal.  We affirm the dismissal but on different grounds.

## II.

We review the dismissal of a complaint based on *forum non conveniens* for abuse of discretion.  *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1268 (11th Cir. 2009).  A district court abuses its discretion when it applies the wrong legal standard.  *Id.* at 1269.

Dismissal based on *forum non conveniens* is appropriate where, *inter alia,* "the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice." [2]  *Id.*  Though the strong presumption in favor of the plaintiff's choice of forum is not dispositive to the analysis, the plaintiff's choice is entitled to greater deference when the plaintiff has chosen his home forum.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).  When a United States citizen sues in a United States District Court, he is suing in his home forum.  *See Wilson*, 590 F.3d at 1269 ("[T]here is a presumption in favor of a plaintiff's choice of forum, particularly where the plaintiffs are citizens of the United States."); *SME*

---

[2] In granting a *forum non conveniens* dismissal, the Distrct Court must also determine: (1) whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;" (2) whether "factors of public interest tip the balance in favor of trial in the alternate forum;" and (3) whether "plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice."  *Id.*

*Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004) ("This presumption in favor of plaintiffs' initial forum choice in balancing the private interests is at its strongest when the plaintiffs are citizens, residents, or corporations of this country.").

In balancing the private interest factors,[3] the District Court summarily concluded that the Kostelacs' choice of forum was entitled to less deference because, as citizens of Virginia, they were suing outside of their home forum by bringing their suit in Florida.  The District Court erred when it concluded that the Kostelac's choice of forum as a matter of law was owed less deference simply because they filed suit in a state in which they were not residents.  This court and the District Court are bound by precedent to apply a strong presumption to the plaintiffs' choice of forum when the plaintiffs are American citizens who seek redress in American courts.  Because the District Court did not apply that presumption when weighing the private interest factors, it abused its discretion.

III.

---

[3] These private interest factors include: (1) the relative ease of access to evidence in the competing fora; (2) availability of witnesses and compulsory process over them; (3) the cost of obtaining evidence; and (4) the enforceability of a judgment.  *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1292 (11th Cir. 2009).

5

Nevertheless, we affirm the dismissal under the insurance policy's forum-selection clause for improper venue.[4] *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998) (holding that a motion to dismiss upon the basis of a forum-selection clause is properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as a motion to dismiss for improper venue).  The forum-selection clause reads as follows:

> If the policy holder has his usual place of residency or a temporary place of residence in Germany, and if, during the period of the insurance contract, an insurable claim happens abroad[,] complaints in this matter can only be heard before a German court.

Because this is a removal case premised on diversity of citizenship, we look to the *Erie*[5] doctrine to determine whether state or federal law governs the enforcement of the forum-selection clause.  Under the *Erie* doctrine, we first "determine whether state and federal law conflict with respect to the disputed issue before the district court.  If no conflict exists, then the analysis need proceed no further, for the court can apply state and federal law harmoniously to the issue at hand."  *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306–07 (11th Cir. 2002).

---

[4] *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) ("[W]e may affirm [the District Court's] judgment on any ground that finds support in the record.") (internal quotation marks omitted).  The parties fully briefed the validity of this ground for dismissal.

[5] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

There is no conflict between Florida and federal law regarding the validity

of a forum-selection clause.  In this context,[6] this circuit applies the test established

in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1(1972), when reviewing a

forum-selection clause.  *See Lipcon*, 148 F.3d at 1292 (applying *Bremen* to

international forum-selection clause).  Florida law applies the same test.  *See*

---

[6] When a forum-selection clause calls for a suit to be brought in another federal court, 28 U.S.C. § 1404(a) governs the court's decision whether to enforce the clause.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) (noting that, as between conflicting state and federal law over a matter of procedure, the instructions of Congress are supreme); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  When the forum-selection clause requires litigation in another country, federal statutory provisions governing the transfer of cases between federal district courts, such as 28 U.S.C. § 1404(a), do not apply.  *See Lipcon*, 148 F.3d at 1290 n.3.

The Kostelacs claim that venue in a removed case is governed solely by the federal removal statute, 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").  Relying on the Sixth Circuit's decision in *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535–36 (6th Cir. 2002), the Kostelacs argue that once the case was removed pursuant to § 1441(a), this rendered venue proper as a matter of statutory law and therefore precludes a finding of improper venue based on a forum-selection clause under Rule 12(b)(3).

We are not persuaded.  The removal of an action from state to federal court does not waive any Rule 12(b) defenses, including seeking a Rule 12(b)(3) dismissal based on a forum-selection clause.  5C Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1395 (3d ed. 2007).  The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court," without exception.  Fed. R. Civ. P. 81(c)(1).  As the Supreme Court has indicated, "Congress has directed the District Court after a case has been removed to proceed therein as if the suit had been originally commenced in said district court."  *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 454 (1943) (internal quotation marks omitted).  As such, parties are free to raise timely 12(b)(3) motions after removal and under *Lipcon*, can properly seek dismissal for improper venue under this rule based on an international forum selection clause.  Despite the Kostelacs' contentions, this is not inconsistent with the dictum in *Hollis v. Florida State University*, 259 F.3d 1295, 1299–1300 (11th Cir. 2001) ("[I]t is unnecessary (and, we think, confusing) to say, as have some courts and commentators, that a defendant who removes a case to federal court 'waives' any venue challenges.").

*Manrique v. Fabbri*, 493 So. 2d 437, 440 (Fla. 1986) (adopting the *Bremen* test).

Finding no conflict between state and federal law in this matter, we apply *Bremen*.

A.

According to *Bremen*, a forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." 407 U.S. at 10 (internal quotation marks omitted). Forum-selection clauses will be enforced unless the plaintiff makes a "strong showing" that "(1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy." *Lipcon*, 148 F.3d at 1292.

As assignees, the Kostelacs stand in the shoes of Remos. *Houk v. Comm'r of Internal Revenue*, 173 F.2d 821, 825 (5th Cir. 1949)[7] ("[A]n assignee . . . stands in the same position as its assignor had stood."); *accord Einstein's Sons v. Shouse*, 5 So. 380, 384 (Fla. 1888) ("[A]n assignee is bound where his assignor would be bound."). The Kostelacs do not possess any rights greater than what Remos formerly possessed under the agreement. *Crossman v. Fontainebleau Hotel Corp.*,

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

273 F.2d 720, 725 (5th Cir. 1959) ("An assignee has no greater rights than his assignor."); *Hulet v. Denison*, 1 So. 2d 467, 469 (Fla. 1941) (same). Because the Kostelacs function as Remos's stand-in under the insurance policy, the relevant inquiry is to apply the *Bremen* factors to the actual parties of the contract—Remos and Allianz Global. *See* 407 U.S. at 12–14 & n.14 (examining whether the forum-selection clause was the product of fraud and overreaching at the time the contract was formed). As assignees, the Kostelacs cannot shift the *Bremen* inquiry to themselves in relation to the insurance contract. To the extent that the Kostelacs advance arguments along these lines, they are misguided.

When examining *Bremen*'s first prong, whether a forum-selection clause is invalid due to overreaching or fraud, we first look to see if the clause was negotiated. *See Liles v. Ginn-La West End, Ltd.*, 631 F.3d 1242, 1246 (11th Cir. 2011) (employing a "reasonable-communicativeness" test where a forum-selection clause was non-negotiated). Because the Kostelacs were assignees to the Remos insurance contract, we do not review whether the Kostelacs had an opportunity to negotiate the forum-selection clause. Instead, we must determine whether the clause was negotiated at the time the contract was drafted between the original parties.

The Kostelacs have not shown that the terms of the forum-selection clause were not negotiated between Remos and Allianz Global. Moreover, the Kostelacs

do not allege that the clause was the product of fraud or overreach. *Bremen*'s first prong therefore does not support non-enforcement of the forum-selection clause.

As to the second prong, the Kostelacs do not argue that it would be inconvenient or unfair to require Remos to bring suit in Germany. They do not contend that there were unforeseeable burdens at the time of contracting for Remos to bring suit in Germany or that any foreseeable burdens are so weighty that they would deprive Remos of its day in court. *See Rucker v. Oasis Legal Finance, L.L.C.*, 632 F.3d 1231, 1237 (11th Cir. 2011) (noting that where the burden was foreseeable "a plaintiff must show that litigating in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be *deprived of his day in court*") (internal quotation marks omitted). Whatever burden the Kostelacs might bear in bringing the case in Germany is immaterial to our analysis of their position as Remos's assignees under *Bremen*. [8] Because the Kostelacs have not demonstrated that it would be inconvenient and unfair for Remos to litigate in Germany, the second prong does not render the forum-selection clause unenforceable.

---

[8] The Kostelacs assert that they did not have a reasonable opportunity to review the insurance contract because it had not been translated from its original German into English until this litigation. This does not alter their status as assignees of Remos's claims against Allianz Global, and it does not bear on Remos's position regarding the enforcement of the forum-selection clause. Absent fraud, coercion, or the like, we will not disrupt the terms of a contract to which the assignees freely agreed to be bound because they failed to read its terms.

10

Under the third prong, a forum-selection clause will not be enforced if "the chosen law would deprive the plaintiff of a remedy." *Lipcon*, 148 F.3d at 1292. The insurance contract included a choice-of-law clause stating that "this contract and any attachments are subject to German law." The Kostelacs have not contested the application of this clause. Whether this case is litigated in Germany or in Florida, the court will apply German law to the suit. Accordingly, "the remedy will be determined under the same set of rules no matter where this case is heard." *Rucker*, 632 F.3d at 1237. For this reason, the third prong does not render the forum-selection clause unenforceable.

Under the fourth prong, a forum-selection clause will not be enforced if it contravenes public policy. The Kostelacs raised no argument under this prong. Given that the Kostelacs have not made a "strong showing" under *Bremen* to the contrary, we conclude that the forum-selection clause is enforceable.[9]

### B.

Finally, the Kostelacs claim that ambiguity in the forum-selection clause renders it inapplicable to their suit. They argue that, because the forum-selection clause applies only when "an insurable claim" occurs, Allianz Global cannot assert

---

[9] The Kostelacs also argue that the forum-selection clause is fundamentally unfair. "All forum-selection clauses are evaluated for fundamental fairness. . . . In the context of negotiated forum-selection clauses, this analysis is confined to application of the *Bremen* test." *Liles*, 631 F.3d at 1254 n.19.

there is an insurable claim for the purpose of the forum-selection clause while asserting that the claim is not covered.

In Florida, as in this circuit, contractual language is ambiguous only if it is susceptible to more than one reasonable interpretation. *Penzer v. Transp. Ins. Co.*, 29 So. 3d 1000, 1005 (Fla. 2010); *accord Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985). We reject the Kostelacs' interpretation that the forum-selection clause is limited to only those situations where Allianz Global recognizes that the claim is covered by the policy. As virtually all litigation under insurance contracts turns on whether or not a claim is covered, the Kostelacs' reading of the clause would render the contract self-defeating. *See United States v. DBB, Inc.*, 180 F.3d 1277, 1283 (11th Cir. 1999) (rejecting a reading of a contractual provision that would lead to absurd results); *Javier v. Gulf Life Ins. Co.*, 66 So. 2d 62, 63 (Fla. 1953) ("[A] construction leading to an absurd result should be avoided."). We hold that the only reasonable reading of "an insurable claim" is a claim that may fall under the policy. Accordingly, the clause applies to this suit.

## IV.

The Kostelacs have not made a sufficient showing to overcome the presumptively valid and enforceable forum-selection clause they inherited as assignees of Remos's claim against Allianz Global. The Kostelacs "must honor

their bargains" and seek redress in a German court.  *See Lipcon*, 148 F.3d at 1299.

(internal quotation marks and alteration omitted).  Accordingly, the judgment of

the District Court is

     AFFIRMED.