# Third District Court of Appeal

## State of Florida

Opinion filed November 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0232
Lower Tribunal No. 16-15276
_____

**Joseph Grimes,**
Appellant,

vs.

**Deutsche Bank National Trust Company, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

The Law Office of Niles B. Whitten, PLLC, and Niles B. Whitten (Gainesville), for appellant.

Krinzman Huss Lubetsky Feldman & Hotte | Awerbach Cohn Perez, and Jacqueline F. Perez, and Michael A. Cohn (Clearwater), for appellee.

Before LINDSEY, MILLER and LOBREE, JJ.

LOBREE, J.

Joseph Grimes ("Grimes") seeks to reverse a final summary judgment

of foreclosure. He contends that the trial court violated his constitutional right to due process and erred by entering the final judgment predicated on a loan secured through a forged deed that was procured by fraud. We have jurisdiction and affirm. See Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A).

## BACKGROUND

Grimes previously owned real property encumbered by a mortgage. In 1999, Grimes quitclaimed the property to himself and his mother, Ms. Brown-Pickett ("Pickett"), as tenants in common. Several years later, two quitclaim deeds were recorded purporting to convey the entire property to Veronica Brown, Pickett's daughter, as well as a subsequent warranty deed from Pickett also purporting to convey Pickett's interest in the entire property to Brown. Based on those documents, Brown refinanced the property and used the proceeds of the loan to pay off Grimes' original mortgage, which was in arrears. The note and mortgage executed by Brown were ultimately assigned to Appellee, Deutsche Bank National Trust Company.

Grimes subsequently filed a separate action to quiet title to the property. Neither Pickett nor the holder of Brown's note were joined as defendants in Grimes' quiet title action. The trial court ultimately struck Brown's pleadings and entered a default judgment against Brown for failure

2

to appear at the hearing. That default judgment did not make any specific findings, and only purported to quiet title to the property in Grimes.

In 2016, Deutsche Bank sought to foreclose the Brown mortgage against Brown's one-half interest in the property, and to impose and foreclose an equitable lien against Grimes' one-half interest, based on subrogation, in the amount of the payoff of Grimes' original mortgage. Deutsche Bank further alleged that even if the fraud allegation was true, the Brown warranty deed would be merely voidable, and could not be rendered void as against Deutsche Bank because the bank is a bona fide mortgagee for value without notice of Grimes' allegation of fraud. This is so, Deutsche Bank contended, because Deutsche Bank was never a party to the quiet title action.

Grimes answered, contending that his signatures on the quitclaim deeds were forged and that the Brown warranty deed purporting to transfer the property from Pickett to Brown was procured by fraud. In response, Deutsche Bank filed an amended complaint alleging that, even if the forgery allegations are true and the quitclaim deeds are void, title to the property would have nevertheless remained vested in Grimes and Pickett each with

3

a one-half interest as tenants-in-common pursuant to the original Grimes/Pickett deed.[1]

Thereafter, Deutsche Bank moved for summary judgment assuming for the purposes of its motion that the forgery and fraud allegations were true. In support of the motion, Deutsche Bank filed an affidavit from the servicer of the original Grimes mortgage which established the payoff of Grimes' original mortgage as a result of Brown's refinancing, and the fact that Grimes' original mortgage was in default at the time of payoff.

After hearing arguments from the parties at the summary judgment hearing,[2] the trial court granted Deutsche Bank's motion and rendered final judgment foreclosing the Brown mortgage against Brown's one-half interest in the property. The trial court further imposed and foreclosed an equitable lien against Grimes' one-half interest in the property, based on subrogation. In so doing, the trial court found that Deutsche Bank's mortgage was a valid

---

[1] Grimes eventually moved for summary judgment alleging, for the first time, that Pickett's signature on the Brown warranty deed was forged. The trial court denied Grimes' motion for summary judgment because he failed to plead forgery of the Brown warranty deed as an affirmative defense and could not raise it for the first time in a motion for summary judgment. For this same reason, we therefore decline to reach this issue on appeal.

[2] The record conclusively refutes Grimes' due process argument on appeal that he was not permitted to participate in the hearing. While the hearing on Deutsche Bank's motion for summary judgment was conducted via Zoom, Grimes appeared and made arguments in opposition to the motion during the hearing.

4

lien on Brown's one-half interest in the property at the time the mortgage was recorded, and thus Deutsche Bank was entitled to foreclose. Additionally, because Grimes benefitted from the Bank's payoff of his original mortgage, the trial court determined that Deutsche Bank had a valid lien on Grimes' one-half interest in the property as well. Finally, the trial court concluded that because Grimes' quiet title default judgment was entered eight years after the Brown mortgage was assigned to Deutsche Bank and neither the Bank nor its predecessors were joined as defendants in that action, they were not bound by the quiet title default judgment. Grimes appeals.

## ANALYSIS

Our review on appeal from summary judgment is de novo. Brownlee v. 22nd Ave. Apartments, LLC, 389 So. 3d 695, 698 (Fla. 3d DCA 2024).

For purposes of its motion for summary judgment, Deutsche Bank accepted as true Grimes' allegation that his signatures on the quitclaim deeds were forged. The forgery allegation is only applicable to the quitclaim deeds that Brown allegedly created to convey Pickett's interest in the property to Brown. "A forged deed is absolutely void and wholly ineffectual to pass title." Knowles v. Edwards, 967 So. 2d 255, 256 (Fla. 3d DCA 2007) (citing Moore v. Smith–Snagg, 793 So. 2d 1000, 1002 (Fla. 5th DCA 2001)). Thus, the quitclaim deeds purporting to transfer the 1999 Grimes/Pickett tenancy-in-common to Pickett are void, and the forged deeds were

5

ineffective to transfer Pickett's or Grimes' one-half interests. Because Deutsche Bank disregarded the allegedly forged quitclaim deeds for purposes of summary judgment, we conclude that the only legitimate deed remaining was the 1999 Grimes/Pickett deed.

Grimes' fraud allegation, however, is directed only to the Brown warranty deed, which purports to convey Pickett's interest in the entire property to Brown. A deed procured by fraud is voidable in equity. Lemano Invs., LLC v. RGF Athena, LLC, 390 So. 3d 154, 160 (Fla. 3d DCA 2024) (citing McCoy v. Love, 382 So. 2d 647, 649 (Fla. 1979)). Here, Deutsche Bank refinanced the entire property based on the Brown warranty deed and Brown mortgage. Even assuming that Grimes' fraudulent warranty deed allegation is true, the Brown warranty deed still conveyed Pickett's one-half interest to Brown, which the Brown mortgage encumbered, and which Deutsche Bank was entitled to foreclose.

As for Grimes' one-half interest, Deutsche Bank paid off the original Grimes mortgage, which was in arrears at the time of Brown's refinancing. Deutsche Bank gave the mortgage to Brown without knowledge of Grimes' quiet title action, and as a bona fide mortgagee without notice, it is entitled to the lien against Grimes' one-half interest. "[T]he law is clear that if a recorded mortgage is valid on its face, a subsequent purchaser 'is assumed to have recognized it as a valid lien against the property which he is buying.'"

6

CCM Pathfinder Palm Harbor Mgmt., LLC v. Unknown Heirs of Gendron, 198 So. 3d 3, 7 (Fla. 2d DCA 2015) (quoting Spinney v. Winter Park Bldg. & Loan Ass'n, 162 So. 899, 904 (Fla. 1935)); § 9:4. Equitable lien on land, 8 Fla. Prac., Constr. Law Manual § 9:4 (2023-2024 ed.) ("The holder of a mortgage on real property, who expends a considerable sum to satisfy liens and encumbrances on the property and whose mortgage is rendered null and void by reason of the fact that the mortgagor took title to the property by a fraudulent deed from the true owner, may be granted an equitable lien on the property for the amount of such expenditures."); McCoy, 382 So. 2d at 649 (holding deed procured by fraud was merely voidable and conveyed legal title to grantee); see also Palm Beach Sav. & Loan Ass'n v. Fishbein, 619 So. 2d 267, 270-71 (Fla. 1993) (holding bank was entitled to equitable lien on property to extent bank's funds were used to satisfy pre-existing mortgages on property, despite forged signatures on loan documents).[3]

As a result, Deutsche Bank had a legitimate equitable interest in Grimes' remaining one-half interest in the property. We therefore affirm

---

[3] The trial court relied on Fishbein in granting summary judgment on the Bank's equitable lien claim. Grimes argues the trial court's reliance on the Fishbein opinion was misplaced and that the dissent in that case by Justice Shaw applies. He is incorrect, as a dissent has no precedential value.

summary judgment for Deutsche Bank on the equitable lien foreclosure on Grimes' one-half interest.

Because neither Pickett nor Deutsche Bank were joined as parties in the Grimes' quiet title action, the quiet title default judgment had no effect on Pickett's one-half interest in the property or on the Brown mortgage. 2000 Presidential Way, LLC v. Bank of N.Y. Mellon, 326 So. 3d 64, 68 (Fla. 4th DCA 2021) ("A party is a bona fide purchaser for value when: '(1) the purchaser obtained legal title to the challenged property, (2) the purchaser paid the value of the challenged property, and (3) the purchaser had no knowledge of the claimed interest against the challenged property at the time of the transaction.'" (quoting Harkless v. Laubhan, 278 So. 3d 728, 733 (Fla. 2d DCA 2019))). As Deutsche Bank is a bona fide mortgagee without notice, we conclude that Grimes' argument regarding the quiet title action has no application to the issues on appeal.

Based on the foregoing, we affirm.